No. 2,483.

P. H. RUSSELL, RESPONDENT, v. GEO. H. MIXER *et al.*, APPELLANTS.

DECREE OF FORECLOSURE.—Where satisfaction of a mortgage has been duly entered on the record, as provided by the statute, a decree of foreclosure, without at the same time setting aside the satisfaction of the mortgage, is erroneous.

APPEAL from the District Court of the Sixth District, Sacramento County.

The facts are stated in the opinion.

*J. H. McKune* and *Freeman & Clunie*, for Appellants.

*First*—A mortgage in this State may be discharged by an entry in the margin of the record thereof, signed by the mortgagee or his personal representative or assignee, acknowl-
(T.)

edging the satisfaction of the mortgage in the presence of the Recorder or his deputy; and such entry has the same effect as a deed of release duly acknowledged and recorded. (Act concerning Conveyances, Sec. 37; Hittell's Dig. Sec. 679; *Hoyt* v. *Swift*, 13 Vt. 134.)

*Second*—Equity has no jurisdiction over and cannot grant relief in cases of mistake or inadvertence merely, unaccompanied by fraud. (*Gould* v. *Gould*, 5 Met. 274; *Dupee* v. *Thompson*, 4 Barb. 279–282.)

*Third*—The mistake mentioned in the complaint was of law, not of fact, and no relief can be granted in any Court against it. (Broom's Legal Maxims, 190; 1 Johns. Ch. 512; 6 *Id.* 166; 9 Barb. 532; *Kenyon* v. *Welty*, 20 Cal. 637; *Mastic* v. *Thorp*, 29 Cal. 444.)

*Fourth*—Courts do not relieve a party from the consequences of acts done with a full knowledge of all the facts. (*Lyons* v. *Richmond*, 2 Johns. Ch. 60; *Shotwell* v. *Murray*, 1 *Id.* 516; 4 Barb. 279; 10 *Id.* 9.)

*Fifth*—A discharge of a mortgage on the margin of the record thereof operates by force of the statute as a deed of release, and such a release is effectual without consideration. (*Wentz* v. *De Haven*, 1 Serg. & Rawle, 317; *Coe* v. *Hutton*, *Id.* 408; *Stevens* v. *Turpin*, 5 Duer, 294; 5 Barb. 455; 16 Johns. 270; *Bernard* v. *Darling*, 11 Wend. 28; *Joy* v. *Wurtz*, 2 Wash. C. C. R. 266; *People* v. *Chisholm*, 8 Cal. 30; *Wallis* v. *Day*, 2 M. & W. 277.)

A promise to pay money is very different from the foregoing of the payment of money. A promise is not obligatory without consideration; but no consideration is necessary for the foregoing of a debt. (1 Serg. & Rawle, 317.)

For a stronger reason, one may forego a mere security for a debt and rely on the obligation alone for payment.

A mortgage is no higher security than a lien by judgment or levy of attachment or execution. Each will enable the holder of the lien to enforce his claim against the property on which the lien rests, and when the debt is satisfied the lien is gone.

An attachment or levy under execution may be discharged *ex mero motu,* and why may not a lien by mortgage?

There. is no showing that the defendants are insolvent, or that the plaintiff may lose his money if not aided by the Court.

*Beatty & Denson,* for Respondent.

Is a discharge of a mortgage by one who has no interest whatever in the same, effectual to release one who has full knowledge that the party making the release has no interest?

It is well settled that the assignment of a debt secured by mortgage is an equitable assignment of the mortgage itself, and passes in equity the whole beneficial interest of the mortgage.

The statute provides that the discharge on the record book shall be made by the "mortgagee, his personal representative or assignee." If the mortgage has been assigned (or, which is in equity the same thing, if the mortgage debt has been assigned), then the assignee must make the entry discharging it. To hold that the original mortgagee might discharge the same after he had assigned it, would be to sanction fraud and dishonesty.

The discharge of a mortgage on the record or a deed of release *(by the proper party)* imports consideration, and is conclusive evidence, until set aside by proper proceedings in a Court of equity, that the mortgage debt has been paid or discharged. But a discharge or release by a stranger to the mortgage is nothing.

A Court of Chancery will not ordinarily set aside a contract because one of the parties, when making such contract, was laboring under a mistaken notion as to the law

But in extreme cases, where there is an absolute certainty that the party complaining, or perhaps both parties, in making a contract have acted under a mistake as to the law, Courts of equity have granted relief from such contracts. (*Landsdown* v. *Landsdown,* Mosely's R. 364; *Bingham* v. *Bingham,* 1 Vesey, 126; Story Eq. Jurisp. Secs. 111–140.)

In this case there was something more than mistake of.

law; there was *surprise* and *inadvertence.*    Courts of equity have always made these a ground of relief.

In support of this proposition, see the cases cited in note 3 to Section 120.

For definitions of the terms "surprise" and "inadvertence," see Story's Eq. Jurisp. (Sec. 120, note 3); Bouvier's Law Dictionary; 2 Brown's Ch. (150.)

WALLACE, J., delivered the opinion of the Court:

Miller and wife held a $1,500 note and first mortgage upon certain real estate, made to them by Mixer and wife.    Russell being the holder of another note and mortgage made by Mixer and wife, which was a junior lien upon the mortgaged premises, became, in 1867, the assignee of the $1,500 note, and by consequence the equitable owner of the mortgage by which it was secured, no separate assignment of the latter, however, having been made to him.    In 1869, the $1,500 mortgage then still standing upon the record in the names of Miller and wife, the latter, at the instance of Russell himself, as found by the Court below (but through the inadvertence and mistake of Miller and wife, as alleged in the complaint), entered satisfaction of that mortgage upon the record by the usual marginal entry of satisfaction, witnessed by the Recorder, as provided by statute.    Under these circumstances Russell commenced this action to foreclose the mortgage against Mixer and wife, the mortgagors, and one Jane P. Morrill, an alleged subsequent incumbrancer of the mortgaged premises.

The complaint sets forth the making of the $1,500 note and mortgage to Miller and wife, and their assignment of the note to plaintiff, Russell; that the Millers subsequently thereto, "through inadvertence and mistake, acknowledged the payment and satisfaction of said mortgage, and indorsed the same in writing on the record," and proceeds to aver, "that at the time of the entry of said indorsement on said record, the said Millers had no interest in or claim upon said mortgage, or the property therein mentioned, and did not receive any consideration for said indorsement, but

merely executed the same for the purpose of giving to this
plaintiff, who then held a junior mortgage on the same
property, the right to enforce both mortgages for his own
benefit and advantage against the property described in the
said mortgage." After the usual allegations as to the sums
due upon the $1,500 note and mortgage, the complaint prays
for a decree of foreclosure in the customary form, and, also,
"that the said indorsement of the satisfaction of said mort-
gage, improvidently and by mista¹⁻  ːꞓde," etc., "be set
aside, annulled and held for naugh., etc.

The Court below rendered a decree of foreclosure against
the mortgagors and the subsequent incumbrancer, but did
not set aside or annul the satisfaction of the mortgage which
had been entered by Miller. It found as a fact that this
satisfaction had been entered by Miller at the instance of
the plaintiff, Russell, himself, and that the latter paid the
Recorder's fees for entering the satisfaction, and that there
was no fraud, misrepresentations or inducements committed,
made or offered by the mortgagors to bring about the entry
of the satisfaction of the mortgage, and that the latter did
not, at the time, even know of the fact of the entry of satis-
faction upon the record; but it announced, as a conclusion
of law, "that the entry of satisfaction on the record of said
mortgage was not a satisfaction or release of the same,
*except as to subsequent purchasers and mortgagees for a valua-
ble consideration, without notice.*"

We are unable to see how this decree of foreclosure can
be supported in point of law. The case has been argued
here as one brought to set aside the satisfaction of the mort-
gage as having been entered by mistake; but beyond the
vague statement that this satisfaction was entered in the
Recorder's office through the "inadvertence and mistake"
of *William Miller* (and even that is inserted rather by way of
recital than as a direct averment), the complaint makes no
attempt whatever to present a case *for relief on the ground of
mistake.* The finding of the Court in this connection, too,
is that Miller entered the satisfaction *at the request of the
plaintiff, Russell, himself.* . Miller, therefore, could not have
made a mistake in this respect, for he did only what Russell,

the equitable owner of the mortgage, desired that he should do; and if, in making this request, the latter in fact made any mistake which could be relieved against, the complaint fails to state it in anywise.

It is unnecessary for us, under the circumstances, to enter upon a consideration of the scope or extent of the jurisdiction of Courts of equity in relieving against mistakes, whether they be of fact, or of law merely, or to determine the questions of that character which were argued by counsel, for we cannot, of course, undertake to anticipate the exact nature of the case which may hereafter be presented on the return of the cause to the Court below.

The decree is erroneous, too, in that it proceeds to foreclose the mortgage in question, without, at the same time, by its decree, setting aside the satisfaction of the mortgage, which was entered. That satisfaction, as long as it is permitted to remain undisturbed by a direct proceeding to set it aside, operates to displace the lien of the mortgage, which is thereby rendered non-existent, and the Court erred in holding in this collateral manner that it did not operate upon the rights of the mortgagors, but only in favor of "subsequent purchasers and mortgagees." The entry of this satisfaction is regulated by the statute, which prescribes that it may be done in the manner here pursued, and the statute itself provides that, as a consequence, the "mortgage" is itself "discharged."

Decree reversed, and cause remanded.