[No. 2,852.]

# P. H. RUSSELL v. GEORGE H. MIXER, MELISSA MIXER, AND JANE P. MORRILL.

MISTAKE IN SATISFYING INSTEAD OF ASSIGNING A MORTGAGE—RELIEF.—
Where the owner of a mortgage agreed to assign it to a third person, and
at his request entered a satisfaction of record, both supposing that would
carry out their intentions; *held*, upon a proper complaint by the intended
assignee against the mortgagor, setting up the facts, that equity would
relieve against the mistake and decree a foreclosure of the mortgage.

CURING MISTAKES OF PARTIES' OWN IGNORANCE OR INATTENTION.—Equity
will grant relief against a mistake by which parties, through their own
ignorance or inattention, fail to select or prepare a proper kind of instru-
ment to effectuate their agreement and intention, the same as if such mis-
take were made by a scrivener.

DEFECTIVE COMPLAINT.—When a complaint is defective in manner rather
than in matter, if no objection is taken by demurrer, it will be held suffi-
cient to support a judgment.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The facts are stated in the opinions.

*J. H. McKune*, for Appellants.

The original complaint made no attempt whatever to present a case for relief on the ground of mistake; and the amended complaint is equally barren of facts stated tending to make a case for relief on that ground. The plaintiff mistook no question of fact. He deliberately, of his own motion, with full knowledge of all the facts and of the law, without fraud on the part of anybody, released his mortgage. He avers that it was by mistake, but what that mistake was is only hinted at by an averment that he was surprised at its effect. That surprise which will avoid a deed must be produced by or accompanied with fraud or circumlocution. (Tiffany & Bullard on Trustees, 185; Story's Eq. Secs. 251, 111, 112; *Gould* v. *Gould*, 5 Met. 274;

*Kenyon* v. *Welty*, 20 Cal. 637; *Mastick* v. *Thorpe*, 29 Cal. 444; 1 John. Ch. 512; 6 John. Ch. 166; 9 Barb. 532.)

The satisfaction of the mortgage operated as a deed of release, and such release is binding, operative, effectual, and irrevocable without consideration. (*Frink* v. *Green*, 5 Barb. 459; Stat. of Conveyances, Sec. 37; *Romley* v. *Stoddard*, 7 John. 207; *People* v. *Chisholm*, 8 Cal. 30; *Pratt* v. *Crocker*, 16 John. 270.)

*Beatty & Denson* and *John Heard*, for Respondent.

The mistake complained of and sought to be corrected, not occurring in the agreement of the parties, which is to assign and transfer the mortgage from Miller to Russell, but in the instrument which was executed by them with the intention and for the sole purpose of carrying into execution their agreement, ought to be so corrected in a Court of equity as to make the instrument conform to the agreement. (*Hunt* v. *Rousmanier, Admin.*, 1 Peters, 13; 1 Story on Eq. Juris. Secs. 115, 119, 120; *Key* v. *Simpson*, 6 Iredell Eq. 462.)

The cases of mistake in law as to the effect of the contract itself rests upon totally different principles. The mistake here is the same as if the parties should go to a scrivener, state their contract, and request him to reduce it to writing. He draws up a writing, but expressing a contract entirely different from that which he was directed to frame. The parties, relying on his judgment as to the proper reading of the contract, sign it. There is no question but that on a proper bill and proof, equity would reform the contract.

By the Court, WALLACE, J.:

This cause was recently here upon a former appeal (39 Cal. 504), and, upon its return below, an amended complaint was filed, averring in substance that, after the assignment of

the five hundred dollar note by Miller to Russell, an agreement was made between them (to which the mortgagors, Mixer and wife, were not parties, and of which they had no knowledge), to the effect that Miller should assign the one thousand five hundred dollar mortgage to Russell, in order to enable the latter to more effectually control it; that, with this view, Russell and Miller proceeded together to the Recorder's office; that, when they arrived there, Miller, at the suggestion of Russell, entered a satisfaction of the mortgage upon the record—both he and Russell supposing that the previous agreement to assign it would be effectuated thereby, and both being surprised when they afterwards learned that they had, thereby, wholly discharged the lien of the mortgage, instead of keeping it on foot in the hands of Russell, the plaintiff, as they intended to do.

There is no controversy between Miller and the plaintiff, but the mortgagors, Mixer and wife, insist that the mortgage lien, which was removed by the entry of satisfaction, should not be restored nor the satisfaction canceled.

The Court below having entered a decree against them, they bring this appeal, and the only question presented, is whether or not, upon the facts stated in the amended complaint, the plaintiff is entitled to the relief he obtained.

We think that there can be no doubt that he is. The agreement between Miller and himself was for an assignment and transfer of the mortgage—the mistake occurred wholly in the selection of the means by which this agreement was to be effectuated.

There is no appreciable distinction between this case and that where a scrivener, through ignorance or inattention, fails to select or prepare such an instrument as effectuates the previous agreement of parties, and relief is always decreed in that case. (1 Story Eq. Jur. Sec. 115.) Had the Recorder here, upon being informed by the parties that the agreement between them was that the mortgage in question

should be more effectually transferred to Russell, prepared a release, instead of an assignment, whether he did so through mere inattention to what he was doing, or through a misapprehension of its legal effect in the premises, there would be no doubt that equity would relieve against the mistake. The rule must be the same in a case where the parties have made the mistake for themselves, and without the aid of either scrivener or Recorder.

Judgment affirmed.

Mr. Chief Justice RHODES dissented.

Mr. Justice TEMPLE did not participate in the foregoing decision.

Afterwards, a petition for rehearing having been filed by defendants, the following decision was rendered:

By the Court, WALLACE, J.:

In the original complaint before us on the first appeal (39 Cal. 504), there was not a sufficient, nor any, averment of a mistake having occurred in the entry of satisfaction of the mortgage in question. There was no allegation that there had been an agreement between Russell and Miller for a transfer of the mortgage by the latter to the former, and that the mistake occurred in the attempted carrying this agreement into effect. In the amended complaint, however, it is averred, that Russell applied to Miller to obtain an *assignment* of the mortgage; that Miller consented to give him the assignment, and that the two proceeded together to the Recorder's office "for the express purpose of making such transfer to this plaintiff." The case, as thus presented in the amended complaint, is essentially different from that appearing in the original complaint in the respect indicated. It is true that even in the amended complaint it is not alleged

with commendable certainty and precision, that Miller did agree to transfer the mortgage to Russell, and had an objection been taken below to the sufficiency of the amended complaint on that ground, the plaintiff must have been driven to a further amendment; but no such objection was interposed there, and it cannot be maintained, that for these defects in manner, rather than in matter, of averment, the complaint is radically insufficient to sustain the judgment.

The rehearing must, therefore, be denied, and it is so ordered.

Neither Mr. Chief Justice RHODES nor Mr. Justice TEMPLE took any part in the decision on rehearing.