[No. 19567. Department Two.—July 31, 1895.]

THE CITY OF SANTA BARBARA, Respondent *v.* A. ELDRED, Appellant.

Pleading — Ambiguity — Uncertainty — Conclusions of Law—Demurrer.—Objections that a complaint is ambiguous or uncertain, or that essential facts appear only inferentially, or as conclusions of law, or by way of recitals, must be raised by special demurrer, and cannot be reached on general demurrer.

City Taxes — Assessment-list — Description of Property.—Where the assessment-list for taxes of the city of Santa Barbara is headed in the first column over taxpayers' names " Description of Property according to Map-book of the City of Santa Barbara," under which are the words " City Lot," and the succeeding columns are headed " Lot " and " Block" under which are given respectively the number of the lot and the num-

ber of the block, the assessment-list is sufficient to show that the lot assessed is situated within the city.

Id.—Time of Ownership of Property Assessed—Map-book.—It is not essential to the assessment that the list should state that the taxpayer owned the property assessed on the first Monday of March, nor that the city had a map-book.

Id.—Entries by Tax-collector.—Entries by the tax-collector upon the assessment-list intended to show that a portion of the tax has been paid do no injury.

Id.—Pleading—City Ordinance—Special Demurrer.—A city ordinance which provides for the levy and collection of city taxes should be fully set out in a complaint for city taxes, at least in effect; but where the allegations respecting the ordinance are uncertain or defective, without a total absence of a material fact, they are sufficient to support a finding for the collection of the taxes, in the absence of a special demurrer.

Id.—Authority of Tax-collector—Resolution of Common Council—Suit for Taxes upon Real Estate.—Where a city ordinance which provides for the levy and collection of taxes authorizes the common council of the city to pass a resolution to the effect that, where real estate has been offered for sale upon which the taxes amounted to less than three hundred dollars, and there is no purchaser in good faith, the tax-collector shall proceed to collect the same by civil action in the name of the city, such resolution authorizes the bringing of an action by the tax-collector, for the collection of taxes on real estate, if the complaint recites a case falling within the resolution.

Id.—Interest upon Taxes—Pleading—Finding against Evidence—Modification of Judgment.—Where no interest upon the amount of taxes due is claimed in the complaint, and there is no allegation under which interest could be allowed, and the evidence does not justify a finding that interest was due, the objection to the allowance of interest must be sustained upon appeal, and the judgment must be modified by striking out the interest.

Id. — Evidence — Admission of Block-books — Immaterial Remark of Witness — Ownership. — In an action for the recovery of taxes the block-books are admissible in evidence; and it is immaterial that a witness remarks in his evidence that it appears from the block-books that the defendant owned a lot assessed.

Id.—Admission of Ownership.—Where the complaint alleges the ownership of the property assessed by the defendant, the defendant admits the ownership by not denying the allegation.

Id.—Effect of Assessment—Burden of Proof.—The assessment puts the burden of proof upon the defendant.

Appeal from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. W. B. Cope, Judge.

The facts are stated in the opinion of the court rendered upon the former appeal, reported in 95 Cal. 378, and in the opinion of the court rendered upon this appeal.

*B. F. Thomas,* for Appellant.

The demurrer to the complaint should have been sustained, because the assessment was invalid. (See *Knott* v. *Peden,* 84 Cal. 302; Pol. Code, secs. 3650, 3651.) There is nothing to show in the assessment that the land assessed or the mortgages assessed were on land within the city of Santa Barbara. (Pol. Code, sec. 3651.) The complaint is defective because it fails to allege that defendant owned the property assessed to him on the first Monday in March, 1888. (*City of Los Angeles* v. *Signoret,* 50 Cal. 298; *Lambert* v. *Haskell,* 80 Cal. 613; *Burkett* v. *Griffith,* 90 Cal. 532; 25 Am. St. Rep. 151; *People* v. *Central Pac. R. R. Co.,* 83 Cal. 400.) The complaint is fatally defective because it does not allege a compliance with the sections of ordinance 113 of plaintiff which correspond with sections 3766, 3767, and 3768, of the Political Code. (*Hall* v. *Theisen,* 61 Cal. 524.) Without the publication of the delinquent list in a paper, as required by section 3766 of the Political Code, there could be no legal attempt at a sale. (*People* v. *Rains,* 23 Cal. 131; *Himmelmann* v. *Townsend,* 49 Cal. 150; 25 Am. & Eng. Ency. of Law, 256.) The excess of one dollar, as published in the delinquent list, over the correct amount due for the tax and costs vitiates the offer to sell. (*Axtell* v. *Gerlach,* 67 Cal. 483; *Boston Tunnel Co.* v. *McKenzie,* 67 Cal. 485; *Knox* v. *Higby,* 76 Cal. 267; *Treadwell* v. *Patterson,* 51 Cal. 637; *Harper* v. *Rowe,* 53 Cal. 236; Ordinance 113, sec. 79, Pol. Code, sec. 3651.) The publication of notice of time of sale was insufficient. (Ordinance 113, sec. 74. See Blackwell on Tax Titles, 5th ed., secs. 420, 430, 431, 434, 435, 440; Welty on Assessments, sec. 221; *Early* v. *Doe,* 16 How. 610.) As to what is a day, see Pol. Code, sec. 3259; *Alameda Macadamizing Co.* v. *Huff,* 57 Cal. 332; *Bidwell* v. *Webb,* 10 Minn. 59; 88 Am. Dec. 56; *Polk* v. *Rose,* 25 Md. 153; 89 Am. Dec. 773; *Eaton* v. *Lyman,* 33 Wis. 36; *Collins* v. *Smith,* 57 Wis. 286; *Ward* v. *Walters,* 63 Wis. 39; Cooley on Taxation, on Notice of Sale, 334; *Early* v. *Doe,* 16

How, 610. The requirements of the statute were not pursued in the contract for publishing the delinquent list. (Ordinance 113, sec. 72; *Williams* v. *Sacramento County*, 58 Cal. 237; Wade on the Law of Notice, secs. 1105–15; Civ. Code, sec. 1624; *Times Pub. Co.* v. *Alameda County*, 64 Cal. 469; *Maxwell* v. *Supervisors of Stanislaus County*, 56 Cal. 114.) The court erred in admitting the block-books and the remark of witness Gutierrez as to the ownership of the property in evidence. (Pol. Code, sec. 3650; *Ex parte Christensen*, 85 Cal. 208; *People* v. *Hastings*, 29 Cal. 449, 450; *People* v. *Lansing*, 55 Cal. 393; *Keane* v. *Cannovan*, 21 Cal. 297.) The valuation of the property is uncertain.

*Thomas McNulta*, for Respondent.

The complaint is sufficient. (Ordinance No. 113.) Interest was properly allowed. (Ordinance No. 113, sec. 146; Civ. Code, secs. 3287, 3288.) The taxpayer is personally liable for taxes in an action for the same. (*People* v. *Seymour*, 16 Cal. 332; 76 Am. Dec. 521; *People* v. *Frisbie*, 18 Cal. 403; *Moore* v. *Patch*, 12 Cal. 270; *Guy* v. *Washburn*, 23 Cal. 116; *Oakland* v. *Whipple*, 39 Cal. 112; *San Francisco Gas Co.* v. *Brickwedel*, 62 Cal. 645, 646; Pol. Code, sec. 3716; 2 Dillon on Municipal Corporations, 3d ed., sec. 817, and cases cited, among them *Dugan* v. *Baltimore*, 1 Gill & J. 499, cited in *San Francisco Gas Co.* v. *Brickwedel*, 62 Cal. 641, 646.)

TEMPLE, J.—This is the second appeal in this case (see 95 Cal. 378), and is taken from the judgment and from a refusal of a new trial.

The action was brought to collect a municipal tax, and to the complaint a general demurrer was interposed. It was overruled, and defendant answered. He now specifies a great many alleged defects in the complaint. Many of them are, in effect, that the complaint is ambiguous or uncertain. Such objections cannot be reached on general demurrer. Nor can the other objections, which merely amount to criticisms upon the

sufficiency of the statement, as that the essential facts appear only inferentially, or as conclusions of law, or by way of recitals, prevail on such demurrer. There must be a total absence of some material fact to justify us in sustaining a demurrer of this character.

The only points which I think worthy of notice on the demurrer are the objections to the assessment.

It is claimed that it is invalid because:

1. It does not show that the real estate is situated within the city of Santa Barbara. The first column after taxpayers' names is headed "Description of Property according to Map-book of the City of Santa Barbara." The next column is headed "Lot," and the next "Block." In the first of these columns are the words "City Lot." In the second "2," in the third "110." I think this sufficient to show that the property is in Santa Barbara.

2. It is not essential to the assessment that it should state that the taxpayer owned the property assessed on the first Monday of March, or that the city had a map-book.

3. The slovenly entries by the tax-collector, intended to show that a portion of the tax had been paid, do no injury. Interpreted as claimed by appellant they are meaningless, and would do no harm.

4. There is no uncertainty in the figures which show the total value of all property after equalization.

Ordinance 113, which provides for the levy and collection of the tax, ought to have been more fully set out, at least in effect. The allegations are, however, sufficient to support a judgment, and as no special demurrer was interposed they are sufficient on this appeal.

The delinquent list as published stated that the tax and costs amounted to two hundred and forty-six dollars and ninety-one cents, when, as it is contended, the correct amount was two hundred and forty-five dollars and ninety-one cents, just one dollar too much.

The common council of the city of Santa Barbara, as they were authorized to do under the ordinance which

provided for the levy and collection of taxes, passed a resolution to the effect as to all assessments upon which taxes amounted to less than three hundred dollars, that where the property has been offered for sale at least once, and there is no purchaser in good faith, the tax-collector shall proceed to collect the same by civil action in the name of the city.

The complaint recites that all this has been done, and that therefore the tax-collector brings this suit in the name of the city of Santa Barbara.

In his statement on motion for a new trial the defendant has not charged that the evidence is insufficient to support this finding. We cannot, therefore, grant a new trial upon that ground.

A recovery was had of the sum of eighty-one dollars and sixty-five cents for interest.

No interest is claimed in the complaint, and there is no allegation under which interest could be allowed. Furthermore the defendant has specified in his statement on motion for a new trial that the evidence does not justify the finding that interest was due. If, therefore, there was any thing in the ordinance to justify the finding, the city attorney should have seen that it was in the statement. The objection to the allowance of interest must therefore be sustained.

A new trial will not be necessitated thereby, for the judgment can easily be modified by striking out the allowance of interest.

The defendant cannot object that the requirements of the statute were not pursued in the contract for publishing the delinquent list. His liability is created by a valid assessment, and, if that was made, no irregularity in the attempt to collect the tax will discharge him from the liability.

The publication was for the proper period.

I think there was no error in admitting the block-books; and the remark of the witness Gutierrez that it appeared from them that Alice Eldred owned three lots is of no moment.

The defendant admitted by not denying that he owned the property; besides the assessment put the burden upon him. (Pol. Code, sec. 3900.)

The case is remanded, with directions to the trial court to modify the judgment by deducting the interest allowed. In all other respects the judgment is affirmed.

McFarland, J., and Henshaw, J., concurred.