[Civ. No. 340. First Appellate District.—February 8, 1907.]

## NELLIE KILILLEA, Respondent, v. KATE WILSON and WILLIAM WILSON, Appellants.

ACTION FOR INDEBTEDNESS—PLEADING—LEGAL CONCLUSION IMPLYING FACT—JUDGMENT BY DEFAULT.—A complaint averring that defendants ''within two years last past became indebted to the plaintiff'' in a specified sum, followed by other proper averments, though it states a legal conclusion as to the indebtedness, merely implying the material fact, is sufficient, in the absence of a demurrer, to support a judgment by default.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

J. B. Gibson, for Appellants.

Davis & Klein, for Respondent.

HALL, J.—This is an appeal from a judgment taken by default against the defendants, who neither answered nor demurred to the complaint.

The only point raised upon the appeal is that the complaint does not state facts sufficient to constitute a cause of action, and therefore does not support the judgment.

The complaint simply charges ''That defendants are husband and wife, and within the two years last past became indebted to the plaintiff in the City and County of San Francisco, State of California, in the sum of nine hundred ($900) dollars,'' followed by allegations that no part thereof has been paid save $280; that the sum of $620 is now due; that defendants have refused to pay the same or any part thereof, although demand has been made therefor.

It is insisted that the general allegation of indebtedness is but an allegation of a conclusion of law, and is not an allegation of a fact, and therefore the complaint states no cause of action.

Without in detail discussing the various cases cited by appellant in support of his position, it is sufficient to say that in a case later than any cited by appellant, it has been held that an allegation of a conclusion of law, which cannot be distinguished in principle from the allegation in this case, is sufficient to support a judgment by default. (*Penrose* v. *Winter,* 135 Cal. 289, [67 Pac. 778].) In this latter case there was no allegation of nonpayment of a debt secured by mortgage, save that a specified sum ''is now due and owing.'' The court, however, upon an appeal from a default judgment, held the allegation sufficient to support a default judgment, expressly overruling *Ryan* v. *Holliday,* 110 Cal. 337, [42 Pac. 891], where the contrary was held. The court said: ''It is true that the allegation was made in the form of a legal conclusion, in which the material fact was merely implied,

but, in the absence of any demurrer such faults of pleading are cured by the judgment.''

The allegation that a certain sum "is due and owing" is an allegation of a conclusion of law of the same kind as is the allegation that defendants became indebted to plaintiff in a certain sum. There is no difference in principle between the two forms of pleading. The case of *Penrose* v. *Winter*, 135 Cal. 289, [67 Pac. 772], is decisive of the point now under discussion.

Judgment is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 8, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 8, 1907.