[Civ. No. 203. First Appellate District.—June 20, 1907.]

## PATRICK F. DILLON, Respondent, v. C. W. CROSS, Executor of the Will of PATRICK DILLON, Deceased, Appellant.

ACCOUNTING OF TRUST MONEYS—PLEADING—ABSENCE OF DEMURRER TO COMPLAINT—INFERENTIAL AVERMENT—DEPOSIT IN BANK IN TRUST. In an action for an accounting of money alleged to have been delivered in trust by plaintiff to the defendant, although the complaint does not in direct terms allege that defendant acccepted the money in trust, or agreed to keep, deposit or invest it for the plaintiff, yet, in the absence of any demurrer, it is sufficient that such essential fact appears inferentially from an averment that the defendant deposited a specified part of the money in a certain savings bank in trust for the plaintiff.

ID.—ACTION IN EQUITY—JURY TRIAL.—The court was justified in treating the action as one in equity, in which the defendant was not entitled to a jury trial.

ID.—CONTINUING TRUST—STATUTE OF LIMITATIONS—DEMAND AND REFUSAL.—Where the case made by the pleadings and the evidence was a continuing trust, the statute of limitations did not commence until demand and a refusal of the defendant to account for the money which occurred shortly before the action was begun.

ID.—FINDINGS—CONSISTENCY—MONEY PAID DURING MINORITY AND AFTER MAJORITY.—*Held*, that a finding that as to money paid by plaintiff to defendant during his minority, the defendant, who was plaintiff's father, did not relinquish his right to the money so paid, is not inconsistent with a finding that the money delivered to plaintiff after majority was delivered to defendant in trust, to be kept invested and deposited for plaintiff.

ID.—ACCOUNTING—PAYMENTS BY DEFENDANT—COUNTERCLAIM—COMPENSATION OF CROSS-DEMANDS.—In the accounting between the parties, payments made by defendant to plaintiff, defendant is entitled to credit for, though pleaded as a counterclaim, and the statute of limitations cannot apply to the right to such credits. The cross-demands must be deemed compensated so far as they equal each other, under section 440 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, and Robert Harrison, for Appellant.

J. F. Riley, and Crittenden Thornton, for Respondent.

HALL, J.—Appeal from judgment and order denying defendant's motion for a new trial.

Plaintiff, Patrick F. Dillon, brought this action against Patrick Dillon, the father of plaintiff, for an accounting of moneys claimed to have been delivered to said defendant by plaintiff in trust to be held and invested for plaintiff, and for general relief. The cause was tried, and judgment rendered for plaintiff during the lifetime of defendant, who subsequently dying, the executor of his last will was substituted as party defendant. By the term "defendant," when used in this opinion, we refer to the original defendant.

The action was tried upon the issues raised by the amended complaint and the answer thereto, no demurrer having been filed to the amended complaint.

Before the case came on to be tried defendant made a demand that the cause be tried by a jury, but the court, taking the view that the action was one in equity, refused the demand for a jury, but allowed a jury as advisory to the court only, and made findings in favor of plaintiff, and gave judgment accordingly.

Acting upon the same theory as to the nature of the action, the court found that the action was not barred by the statute of limitations.

Appellant contends that the court erred in refusing a jury trial, and in finding that the action was not barred. Whether the court erred or not depends upon whether or not the complaint alleges a trust by defendant for plaintiff.

It is insisted that no trust is alleged. Although it is alleged that plaintiff handed to defendant various sums of money aggregating $2,542 "to be kept, deposited and invested by him, the said Patrick Dillon, for this plaintiff, and to be returned to plaintiff on demand," and "that the said defendant, Patrick Dillon, did deposit of the said sums of money so received by him in trust for this plaintiff, in the Hibernia Savings and Loan Society in the City and County of San Francisco . . . the sum of about $1,100," it is contended that it does not appear from the complaint that defendant accepted the money, or agreed to keep, deposit or invest it for plaintiff.

It certainly is not alleged in direct terms that defendant accepted the money, or agreed to keep, deposit or invest it for plaintiff, and if the complaint had been attacked by demurrer it must have been held bad. In the face of an attack by demurrer, especially by a special demurrer, it is not sufficient that essential facts be alleged inferentially or as a conclusion of law, but such facts must be directly stated. On the other hand, it has been uniformly held that, in the absence of a demurrer or an objection to offered evidence, a complaint that alleges an essential fact only inferentially or as a conclusion of law is good. (*Russell* v. *Mixer,* 42 Cal. 475; *Hill* v. *Haskin,* 51 Cal. 175; *City of Santa Barbara* v. *Eldred,* 108 Cal. 294, [41 Pac. 410]; *Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386, [43 Pac. 1111]; *Estate of Behrens,* 130 Cal. 416, [62 Pac. 603]; *Cushing* v. *Pires,* 124 Cal. 663, [57 Pac. 572]; *Penrose* v. *Winter,* 135 Cal. 289, [57 Pac. 772].)

In *City of Santa Barbara* v. *Eldred,* 108 Cal. 294, [41 Pac. 410], the complaint was attacked by a general demurrer, which was overruled. The court said: ''He now specifies a great many alleged defects in the complaint. Many of them are, in effect, that the complaint is ambiguous or uncertain. Such objections cannot be reached by general demurrer. Nor can the other objections, which merely amount to criticisms upon the sufficiency of the statement, as that the essential facts appear only inferentially, or as conclusions of law, or by way of recitals, prevail on such demurrer. There must be a total absence of some material fact to justify us in sustaining a demurrer of this character.''

In the complaint before us, after alleging that plaintiff handed to defendant moneys to be kept, deposited and invested by him, the said Patrick Dillon, for plaintiff, it is alleged that defendant did deposit in a bank $1,100 ''of the said sums of money so received by him in trust for this plaintiff.'' It is thus inferentially alleged that defendant received the money in trust for plaintiff. In paragraph V of the complaint the money is repeatedly referred to as money held in trust for plaintiff by defendant. It thus appears that plaintiff was attempting to charge defendant as a trustee; and while the complaint is uncertain for not alleging directly what is alleged inferentially, it is not a case of a total absence of allegations of essential facts going to charge a trust. It should

have been attacked by demurrer, when it doubtless would have been amended.

The mere demand that the case be tried by a jury was not sufficient to point out the defect now complained of, and the court was justified in treating the action as one in equity, and defendant was not entitled to a jury trial.

The case made by the pleadings and the evidence was a continuous trust, and the statute of limitations did not commence to run until demand and a refusal to account for the money, which occurred shortly before the action was begun. (*Baker v. Joseph,* 16 Cal. 173.)

Appellant concedes that the evidence supports the findings save in one respect. The court found that as to money delivered by plaintiff to defendant prior to the second day of December, 1892 (during the minority of plaintiff), defendant never relinquished the right he had thereto by reason of the minority of plaintiff—but also found as to the money delivered by plaintiff to defendant subsequent to said date that the same was delivered to defendant in trust to be kept, invested and deposited for plaintiff. Appellant urges that the only evidence of any agreement whereby defendant promised or agreed to keep, or deposit or invest any money for plaintiff, was of an agreement entered into in 1888. He argues that the finding of the court in favor of defendant as to the money delivered prior to plaintiff's majority necessarily determines that the evidence of such agreement was false, and that, as a result, no evidence is left to support the finding in favor of plaintiff as to the money delivered to defendant after plaintiff's majority. In other words, the appellant admits that if the court had found in favor of plaintiff as to all the money delivered to defendant, such finding would have been supported by the evidence; but because the court in part found in favor of defendant, the finding in favor of plaintiff cannot stand.

We cannot agree with this contention. It requires too nice an examination into the mental processes by which the trial court arrived at its conclusions. If the evidence was sufficient to sustain a finding in favor of plaintiff as to all the money in question, it was sufficient to sustain such finding as to a part thereof.

This disposes of the principal points in the case, and leaves but one other question to be considered.

Defendant pleaded in his answer, "by way of counterclaim and otherwise," that during the years 1900 and 1901 "defendant loaned, gave and intrusted to the said plaintiff various sums of money aggregating, to wit, $390; none of which sums have been returned or repaid to said defendant."

Upon the objection of plaintiff, however, the court struck out the evidence of defendant tending to support this allegation, upon the theory apparently that it was a counterclaim, and as such was barred by the statute of limitations. In this we think the court erred. The plaintiff claimed and had testified that at the time defendant claimed to have advanced money to plaintiff, defendant held large sums of money belonging to plaintiff, for which he was asking defendant to account in this action, and the court was then engaged in effect in taking an account between these parties. If defendant, during the existence of this trust, had advanced money to plaintiff, either out of the trust moneys or out of his own money, the plainest principles of justice and equity require that in such accounting he should be allowed credit therefor. "When cross-demands have existed between persons under such circumstances that, if one had brought an action against the other, a counterclaim could have been set up, the two demands shall be deemed compensated so far as they equal each other. . . ." (Code Civ. Proc., sec. 440.)

Plaintiff at the oral argument stipulated in open court that if this court should be of the opinion that the evidence should have been allowed, that we might order such a modification of the judgment as should give the defendant the full benefit of the matter alleged and attempted to be proved. The amount alleged by defendant to have been by him advanced to plaintiff is $390. The court charged defendant with interest at varying rates to February 19, 1902, and from that date to entry of judgment at seven per cent. With the aid of counsel, we have calculated the interest on $390, from January 1, 1901, to February 1, 1902, at three and three-quarters per cent, the highest rate charged against defendant up to the latter date, and find that the principal and interest then amounted to $405.85, which, at seven per cent up to the date of the entry of the judgment, would make the principal and interest amount to $455.91.

The judgment is therefore modified, by deducting therefrom the sum of $455.91 as of the date of the entry thereof, and as

so modified it is affirmed, and the order denying the motion for a new trial is likewise affirmed.

Cooper, P. J., and Kerrigan, J., concurred.