[Civ. No. 4001. Second Appellate District, Division Two.—July 23, 1925.]

## S. B. GREEN, Respondent, v. FRANK L. DARLING, Appellant.

[1] CONTRACTS — PURCHASE OF AUTOMOBILE TRAILER — MUTUAL RESCISSION—WARRANTY—DUTY OF SELLER.—In an action for the return of money paid by plaintiff on a contract for the purchase of an automobile trailer, which plaintiff returned to defendant, if the contract was mutually rescinded, as found by the trial court, and as alleged, and if the rescission was sufficiently pleaded, it is immaterial whether or not the trailer was sold upon a warranty, or was defective. If the parties in fact canceled their contract and everything of value was returned to the defendant in pursuance of such cancellation, it would be his legal duty to refund whatever consideration he may have received therefor.

[2] ID. — APPEAL — JUDGMENT-ROLL — WAIVER OF FINDINGS—PRESUMPTIONS.—Where findings are waived and the appeal is on the judg-

---

2. See 2 Cal. Jur. 876.

ment-roll alone, all the issues made by the pleadings are presumed to have been found in favor of the successful party.

[3] ID.—RESCISSION—PLEADINGS.—In such action, the complaint having alleged the contract *in haec verba*, together with the additional facts that the trailer was returned to defendant and demand made by the plaintiff for moneys paid on account, the allegation that the parties to the agreement rescinded was not a conclusion, but it was a statement of ultimate fact; and no other terms of the contract of rescission need to have been made or alleged.

[4] ID.—AGREEMENT TO REFUND MONEY RECEIVED—PLEADING.—In such action, if the minds of the parties met on the proposition that they would rescind, it was not necessary that the defendant stipulate to return to the plaintiff the money which he had received, for the law requires him to do this as a consequence of having agreed that the contract be abrogated; and to require more of the pleader would make it necessary that he plead the evidence rather than the ultimate fact.

[5] ID.—CONCLUSION OF LAW—PLEADING—DEMURRER.—In such action, the objection that an essential fact appears in the pleading only in the form of a conclusion of law cannot be reached by general demurrer.

(1) 35 Cyc., p. 160, n. 17.    (2) 4 C. J., p. 779, n. 77.    (3) 31 Cyc., p. 65, n. 42 New.    (4) 31 Cyc., p. 49, n. 68; 35 Cyc., p. 129, n. 78, p. 159, n. 14.    (5) 3 C. J., p. 784, n. 53; 31 Cyc., p. 281, n. 6.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Roland G. Swaffield and Phil M. Swaffield for Appellant.

C. M. Spicer and Herbert Moore for Respondent.

CRAIG, J.—The complaint in this action alleged that on September 21, 1920, the defendant was engaged in the business of selling automobile trucks and automobile trailers in the city of Long Beach, California; that on said date the defendant, through his authorized agent, entered into a contract in writing with the plaintiff, by the terms of which the defendant agreed to sell to plaintiff one Utility trailer, tires

4.  See 6 Cal. Jur. 382.
5.  See 21 Cal. Jur. 109; 21 R. C. L. 520.

and body. Said complaint consisted of three separate causes of action, in each of which the alleged written instrument was embraced. It was further alleged that on or about October 5, 1920, the parties supplemented said contract by a further instrument in writing; that the trailer was delivered to the plaintiff, and that he began to use the same, but that it commenced to break down; that the defendant agreed to repair the same, but that it continued breaking down on an average of twice a week, and that the plaintiff finally returned said vehicle to the defendant, notified him that it was not suited to plaintiff's business, and had not given satisfaction as it was guaranteed to do, and demanded the return of $1,024.40 which had been paid on account of the purchase price thereof; that no part of said sum had been refunded, and that the same was due and owing from the defendant to the plaintiff. In the second count the principal allegations of the first count were repeated, with a further allegation that said trailer had become wholly useless, that it was returned, that the consideration for the execution of the contract failed in part before being rendered to plaintiff. In said second count it is also averred that "said contract mentioned in paragraphs two and three was rescinded by plaintiff on or about the 17th day of December, 1920; that plaintiff has returned to defendant the Utility Trailer and everything of value received by reason of said contract." In the third count it is averred that "the parties hereto mutually agreed to rescind said contract contained in paragraphs two and three"; it is then alleged that said trailer and everything of value received from the defendant was returned to him, and said amount demanded. In each of the last two counts it is alleged, as in the first, that the breaking of said vehicle was not the fault of the plaintiff.

No demurrer was filed by the defendant. He answered, admitting the execution of the contract but denying that there was any warranty or guaranty, or that the trailer broke down; and denying that the consideration had failed; the defendant further denied that said parties mutually agreed to rescind, or that they did rescind, said contract.

The case went to trial before the court without a jury; findings were waived and judgment was rendered for the plaintiff, specially reciting that: "the contract mentioned

in plaintiff's complaint was rescinded on the 17th day of December, 1921, and that the plaintiff do have and recover from the defendant'' the amount demanded.

This appeal is brought up on the judgment-roll alone, upon the sole contention that no count of said complaint states facts sufficient to constitute a cause of action. Appellant cites authorities to support his claim that the extent of a warranty is limited to the language of the contract, and that the buyer in bringing suit upon an alleged warranty must aver that he relied thereon, in order to maintain an action for breach. It is further contended that the complaint did not sufficiently allege a mutual rescission, but that the allegations thereof constituted ''purely a conclusion of law unless the terms of the agreement to rescind are alleged.''

[1] If the contract was mutually rescinded, as found by the court below, and as alleged in the second count, and if the rescission was sufficiently pleaded by the plaintiff in said count, it must follow that it is immaterial whether or not the trailer was sold upon a warranty, or was defective, If the parties in fact canceled their contract and everything of value was returned to the defendant in pursuance of such cancellation, it would be his legal duty to refund whatever consideration he may have received therefor, and the judgment of the trial court should be affirmed. The plaintiff alleged that the parties mutually rescinded the contract, and that everything of value received from the defendant was returned to him; these allegations were denied by the defendant, but upon the introduction of oral and documentary evidence the court adjudged and decreed that the contract mentioned in plaintiff's complaint was rescinded—extinguished. [2] Findings having been waived, all the issues made by the pleadings are presumed to have been found in favor of the successful party. (*Antonelle* v. *Board of C. H. Commrs.,* 92 Cal. 228 [28 Pac. 270].)

[3] The complaint having alleged the contract *in haec verba,* together with the additional facts that the trailer was returned to defendant and demand made by the plaintiff for moneys paid on account, the allegation that the parties to the agreement rescinded was not a conclusion, but it was a statement of ultimate fact. ''Rescission is a fact.'' (*Seanor* v. *Bierer,* 165 Pa. 150 [32 L. R. A. 467, 30 Atl. 717];

*Reliance Life Ins. Co.* v. *Russell,* 208 Ala. 559 [94 South. 748].) No other terms of the contract of rescission need to have been made or alleged. **[4]** If the minds of the parties met on the proposition that they would rescind, it was not necessary that the defendant stipulate to return to the plaintiff the money which he had received, for the law requires him to do this as a consequence of having agreed that the contract be abrogated; and to require more of the pleader would make it necessary that he plead the evidence rather than the ultimate fact. **[5]** The objection that an essential fact appears in the pleading only in the form of a conclusion of law cannot be reached by general demurrer. (*Santa Barbara* v. *Eldred,* 108 Cal. 294 [41 Pac. 410].) In the instant case no demurrer was filed, and it is therefore even more apparent that this criticism of the complaint comes too late when raised for the first time on appeal.

The facts alleged in the second count are sufficient as a pleading for the purposes of the action in the absence of a special demurrer.

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.