[Civ. No. 3426. Third Appellate District.—May 31, 1928.]

JOHN D. McNABB et al., Appellants, v. R. R. BYRNES, as Sheriff, etc., et al., Respondents.

L. D. Mooney and A. L. Wessels for Appellants.

Hale McCowan, Jr., Piersol & Stone and Chas. Kasch for Respondents.

HUGHES, J., *pro tem.*—This is an action brought by plaintiffs and appellants herein, who are husband and wife, against R. R. Byrnes, as Sheriff of Mendocino County, and W. F. Kemppe, to recover $2,275 as actual damages and $2,500 exemplary damages, alleged to have been sustained by appellants by reason of the alleged wrongful and illegal levy of a certain writ of attachment issued out of the superior court of Mendocino County on October 24, 1924, in an action entitled *W. F. Kemppe* v. *J. D. McNabb and J. C. McNabb*, and the seizure and detention under said writ of a certain growing crop of potatoes in and upon the land claimed as a homestead by appellants. By reason of such alleged homestead it is asserted that the said crop was and is exempt from such levy, seizure, and detention. A second

amended complaint was filed on October 3, 1925. The defendant Kemppe interposed a general and special demurrer thereto, while the defendant Byrnes filed only a general demurrer. Each of the demurrers was sustained by the court by its order of October 30, 1925, and notice thereof waived in open court, plaintiffs being granted ten days in which to amend, if so advised. Plaintiffs, failing to file an amended complaint within the time allotted, counsel for each defendant on November 13, 1925, made written demand on the clerk that he enter judgment in favor of defendants. Immediately thereafter the clerk signed and on November 17, 1925, entered judgment, ordering and adjudging that plaintiffs recover nothing from said defendants or either of them.

The action of the court in sustaining the demurrers is questioned, and for that reason it is necessary to state somewhat fully the allegations of the second amended complaint. There is set forth therein the official character of the defendant Byrnes; that the plaintiffs are husband and wife and the owners and in possession of certain lands therein described, situated in Mendocino County; that plaintiffs, with intent to acquiring a home and claiming a homestead, and while they were actually residing thereon, did, by John D. McNabb, on July 11, 1922, make, execute, and acknowledge, and on July 15, 1922, record a declaration of homestead covering the lands described in the complaint. It is further alleged that said homestead has been abandoned; that in 1924 plaintiffs planted 15 acres of said land to potatoes; that on October 24, 1924, W. F. Kemppe commenced an action in the superior court of Mendocino County wherein the defendants were the said J. D. McNabb and J. C. McNabb, and that in said action a writ of attachment was issued, directed to the Sheriff, R. R. Byrnes, defendant herein, to levy upon and seize such crop of potatoes then growing upon said alleged homestead lands. Thereafter Byrnes, at the direction of Kemppe, served said writ on plaintiffs, and caused the same to be recorded in book 4 of Attachments, page 15, of Mendocino County records. That immediately after the levy of said attachment, plaintiffs notified said Kemppe and Byrnes that the lands constituted a homestead and that the crop of potatoes was exempt, and on November 25, 1924, served written notice

on them to the same effect; and that, nevertheless, with malice, they refused to release said crop or said attachment or to permit plaintiffs to dig said potatoes. That at the time of said levy said potatoes were good and merchantable and about ready to be harvested. That on November 15th the winter rains set in and plaintiffs notified the defendants to dig and save said crop, and that on November 27, 1924, plaintiffs were advised by their attorneys that they had a right to dig said crop and to save as much thereof as possible; that thereafter they did dig nine tons of said crop. That thereafter on May 25, 1925, plaintiffs made a motion, which was served and filed, wherein they sought an order of said superior court to discharge said attachment, which motion was subsequently denied. That the acts of the defendants and each of them were malicious and without probable cause, and were done in reckless disregard of the rights of plaintiffs and each of them, injuring plaintiffs in the respects above set forth.

Plaintiffs prepared and served, and on November 17, 1925, filed with the clerk of said superior court a notice of motion for an order of said court to set aside and vacate the order theretofore made and entered on October 30, 1925, sustaining defendants' demurrers to plaintiffs' second amended complaint, and to grant a rehearing on defendants' said demurrers, which motion was made on November 27, 1925, and was by the court denied. On November 28, 1925, plaintiffs prepared, served, and filed a notice of motion for an order to cancel, set aside, and vacate the judgment heretofore mentioned, made, and entered by the clerk, and to vacate and set aside the order of court made on October 30, 1925, sustaining defendants' said demurrers, and to grant a rehearing on said demurrers. Said motions were argued and submitted on December 3, 1925, and on December 5, 1925, the court denied the same. Thereafter, on December 5, 1925, the court vacated its previous orders and ordered the matter to be further heard. On December 11, 1925, the court ordered that its previous orders of December 5, 1925, denying plaintiffs' motions, be restored, and its subsequent order made on the same day be vacated and set aside. The plaintiffs have appealed from the judgment made on November 13th, and entered on November 17, 1925,

by the clerk and from the several orders of the court as above narrated.

We shall first consider the correctness of the court's order sustaining the general and special demurrers of the defendants. The facts as alleged in the complaint have been fully recited, so as to illustrate the points involved in the demurrers.

■ This action is based on the unlawful attachment of the crop of potatoes upon the homestead, which crop is claimed to be exempt from levy. (Sec. 1265, Civ. Code.) It is necessary, therefore, to show that a valid homestead existed on the land. The complaint alleged that the lands constitute the homestead of plaintiffs, and plead *in extenso* the declaration of homestead made by plaintiff John D. McNabb. Said declaration contains all the statements required for such an instrument by the provisions of Title V, Part IV, Division II of the Civil Code, which furnish the law governing homesteads, and was in all respects sufficient in form and substance. It was, of itself, a sufficient statement of facts, showing that a homestead existed in favor of plaintiffs. In addition thereto, paragraph V of the complaint contains the following allegations:

"That the said plaintiffs, or either of them, have not abandoned said homestead, or any part thereof, by a declaration of abandonment, or by grant thereof, or in any other manner or at all; that said homestead claim, ever since the said 15th day of July, 1922, has been, and now is in full force, effect and virtue."

While these allegations consisted partly of conclusions of law, they nevertheless are sufficient to withstand the attack of a general demurrer. The special demurrer was directed entirely to other points. (*City of Santa Barbara* v. *Eldred*, 108 Cal. 294 [41 Pac. 410]; *San Christina Investment Co.* v. *City and County of San Francisco*, 167 Cal. 762 [52 L. R. A. (N. S.) 676, 141 Pac. 384]; *Thompson* v. *Hamilton Motor Co.*, 170 Cal. 737 [Ann. Cas. 1917A, 677, 151 Pac. 122].)

■ The laws creating a homestead are generally to be liberally construed, except that provision as to residence at the time the declaration is filed, and, as to that, it is strictly construed. (*Bullis* v. *Staniford*, 178 Cal. 40 [171 Pac. 1064]; *Johnston* v. *DeBock*, 198 Cal. 177 [244 Pac. 330].)

The allegation as to residence is direct, positive, and sufficient. Since nothing appears in said declaration or anywhere in said complaint that plaintiffs have not previously selected a homestead, or that they did not have a valid, subsisting homestead at the time of making such declaration, it is asserted by respondents that for these reasons the complaint is insufficient. It is contended that if such prior homestead existed, the declaration set forth in the complaint would not impress the lands embraced therein with homestead rights; in other words, a party cannot have two homesteads, and, if he attempts to acquire a second while the first is in force, the second is void. In support of this contention, respondents rely upon the case of *Waggle* v. *Worthy*, 74 Cal. 266 [5 Am. St. Rep. 440, 15 Pac. 831]. This case unquestionably holds that a person cannot have two homesteads; that if one exists, the attempt to acquire a second is void. ■ But the existence of a prior homestead is a matter of defense, and it has often been held that it is not necessary for the plaintiff to anticipate the defense, or to negative the same. (*Nickle* v. *State*, 179 Cal. 126 [175 Pac. 641]; *Neeley* v. *Neeley*, 179 Cal. 232 [176 Pac. 163]; *Jacobson* v. *Oakland Meat Co.*, 161 Cal. 425 [Ann. Cas. 1913B, 1194, 119 Pac. 653].)

■ Respondents cite section 1263 of the Civil Code, as amended in 1927 [Stats. 1927, p. 828], as affecting the necessity of an allegation in the complaint that no former declaration has been made, or, if made, that it has been abandoned. Subdivision 5 of said section is permissive as to what a declaration of homestead may contain, and the effect to be given such statement made in accordance with its provisions. That it is not mandatory to make such further statement is plainly evidenced by the language thereof, wherein it provides that, " . . . If it contains such statements," etc., that it shall be *prima facie* evidence of the facts therein stated. It is sufficient to say that subdivision 5 was added in 1927, after the declaration of homestead in question was made and recorded, and that it is not retroactive in its effect.

The special demurrer of the defendant Kemppe is predicated on the contention that the complaint is uncertain, ambiguous, and unintelligible in certain particulars. Without discussing in detail the several assignments, it is suffi-

cient to say that we have examined the complaint in the light of these objections, and are convinced that it is sufficient, and not amenable to the same.

For the reasons above stated, we therefore conclude that the demurrers were improperly sustained.

In view of the conclusions we have reached, it is unnecessary to consider the other points raised on this appeal.

The judgment is reversed, with direction to the trial court to overrule the demurrers and to permit the defendants to answer if so advised.

Plummer, J., and Finch, P. J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 30, 1928.

All the Justices present concurred.