REV. D. O'SULLIVAN, Respondent, v. W. E. VADNAIS, Appellant.

(234 N. W. 522.)

Opinion filed January 17, 1931.

*C. E. Brace* for appellant.
*E. J. McIlraith* for respondent.

BURR, J. The complaint sets forth a promissory note which the defendant "made, executed and delivered to the plaintiff," as follows:

"Columbus, N. Dak., Oct. 1st, 1923. $670.00

"For value received I promise to pay to the order of Rev. D. O'Sullivan Six Hundred Seventy & no/100 Dollars with interest from date at the rate of 6 per cent per annum, Interest payable annually. Interest not paid when due to bear 10 per cent interest per annum until paid. This note shall bear interest at the rate of six per cent per annum after maturity. On October 1st, 1925, payable at Farmers State Bank of Columbus, N. D.

"Secured by W. E. Vadnais."

The complaint then alleges:

"That no part of the same has been paid although demand has been made therefor and plaintiff is still the owner and holder of this note."

This, with the prayer for judgment, is the content of the complaint. The answer is a general denial.

At the trial of the case the defendant defaulted, and the sole finding of fact made by the court is as follows:

"That on the sixth day of October, 1923, W. E. Vadnais, made, executed, and delivered, in writing, to the plaintiff Rev. D. O'Sullivan, for a valuable consideration, his certain promissory note in the sum of six hundred seventy dollars ($670.00) with interest at six per cent per annum, payable annually from the first day of October, 1923 to the date of entry of judgment herein."

Upon such finding the court made conclusions of law finding the plaintiff entitled to judgment in the sum of $914.000, signed an order for such judgment, and judgment was entered accordingly.

The defendant appeals to this court and says:

"This appeal is taken on the face of the record, that is on the judgment roll, and the only question is whether the judgment roll is sufficient to support the judgment. Appellant contends that the facts

found by the trial court are wholly insufficient to sustain the judgment."

He says further:

"There is no finding that the note is due, or that it is not paid either in part or in full, nor is there any finding that the plaintiff is the owner and holder of the note."

It is unnecessary to discuss the findings. There is no question but what the order for judgment is sufficient, that the judgment is regular on its face, and that the complaint states a cause of action. This was a jury case but a jury was waived by defendant in not appearing for trial. Comp. Laws, § 7637. Under the provisions of § 7640 of the Comp. Laws, "Findings of fact may be waived by the several parties to an issue of fact: 1. By failing to appear at the trial. 2. ————." Therefore it was not necessary for the court to make any finding of fact. By his default defendant waived the findings. Where findings are waived it is presumed that every fact essential to support the judgment was proved and found by the Court. Gray v. Gray, 185 Cal. 598, 197 Pac. 945; Green v. Darling, 73 Cal. App. 700, 239 Pac. 70. If not necessary to make findings of fact then findings not inconsistent with the judgment entered, even though incomplete, do not in themselves vitiate the judgment entered. It is presumed that the court found all other facts necessary to sustain the judgment the same as if judgment had been entered without findings. The answer in no way suggests there was any extension of time for the payment of the note, nor that any payments were made thereon. We are at a loss to see any merit in the appeal. To the defendant there was the advantage of delay; but that does not make the appeal meritorious. The judgment is affirmed with costs.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.