SHAW, J.
This is an appeal by plaintiff from a judgment in favor of defendant Mrs. Victor L. Bentson, entered after an order sustaining her general demurrer to the complaint without leave to amend. The complaint alleges that Victor L. Bentson, the other defendant, and respondent are husband and wife, that plaintiff is a licensed doctor of *791 dental surgery, that the defendants “became indebted to said plaintiff in the sum of $75 for professional work, labor and services rendered by plaintiff as a Doctor of Dental Surgery, to defendant Victor L. Bentson”, which has not been paid, although demanded, and that the sum mentioned is the reasonable value of the services. There is no allegation that respondent requested the performance of these services, or that she promised to pay for them.
The efficacy of the complaint to state a cause of action against respondent depends entirely on the sufficiency of the allegation that she “became indebted” to plaintiff. This is manifestly a conclusion of law. It is impossible to reconcile all the decisions in this state on the question whether a complaint which states a fact essential to the cause of action only by way of a conclusion of law is sufficient when attacked by a general demurrer. ■ The following cases directly hold that it is not sufficient: Branham, v. Mayor, 24 Cal. 585, 602 ; Hedges v. Dam, 72 Cal. 520, 522 [14 Pac. 133] ; Ohm v. San Francisco, 92 Cal. 437, 449 [28 Pac. 580] ; Callahan v. Broderick, 124 Cal. 80, 83 [56 Pac. 782] ; Moran v. Bonynge, 157 Cal. 295, 299 [107 Pac. 312] ; Baker v. Miller, 190 Cal. 263, 267 [212 Pac. 11] ; Fox v. Monahan, 8 Cal. App. 707, 710 [97 Pac. 765] ; Buttner v. Kasser, 19 Cal. App. 755, 758 [127 Pac. 811] ; Fisher v. Fisher, 23 Cal. App. 310, 313 [137 Pac. 1094] ; Burlingame v. Traeger, 101 Cal. App. 365, 368 [281 Pac. 1051] ; Miller v. Gusta, 103 Cal. App. 32, 35 [283 Pac. 946] ; and a dictum to the same effect appears in Piercy v. Sabin, 10 Cal. 22, 28 [70 Am. Dec. 692]. The following cases are to the same effect, for, although the proposition is not expressly so stated, the allegations condemned are conclusions of law: Knox v. Buckman Contracting Co., 139 Cal. 598 [73 Pac. 428] ; Joyce v. Tomasini, 168 Cal. 234, 237, 238 [142 Pac. 67]. The insufficiency of such an allegation is declared without reference to a demurrer in Payne v. Treadwell, 5 Cal. 310, and Bailes v. Keck, 200 Cal. 697, 703 [51 A. L. R. 930, 254 Pac. 573].
On the other hand the following cases hold a complaint sufficient against a general demurrer if all the necessary facts appear, even though some of them are stated only as conclusions of law: Santa Barbara v. Eldred, 108 Cal. 294, 298 [41 Pac. 410] ; San Christina etc. Co. v. San Francisco, 167 Cal. 762, 769 [52 L. R. A. (N. S.) 676, 141 Pac. 384] ; *792 Wells Fargo & Co. v. McCarthy, 5 Cal. App. 301, 312 [90 Pac. 203] ; Burke v. Dittus, 8 Cal. App. 175, 178 [96 Pac. 330] ; McNabb v. Byrnes, 92 Cal. App. 337, 341 [268 Pac. 428] ; Kirby v. San Francisco etc. Soc., 95 Cal. App. 757, 761 [273 Pac. 609] ; Allerton v. King, 96 Cal. App. 230, 235 [274 Pac. 90]. The same proposition is involved, but not expressly stated, in Grant v. Sheerin, 84 Cal. 197, 199, 200 [23 Pac. 1094], Bliss v. Sneath, 103 Cal. 43, 44 [36 Pac. 1029], and Eva v. Anderson, 166 Cal. 420, 423 [137 Pac. 16], and it was declared as obiter dictum in Poetker v. Lowry, 25 Cal. App. 616, 617 [144 Pac. 981], Green v. Darling, 73 Cal. 700, 704 [239 Pac. 70], and Cullinan v. Mercantile Tr. Co., 80 Cal. App. 377, 383 [252 Pac. 647]. In some of these cases the court was influenced by the fact that there had been a trial on the merits, resulting in a judgment for plaintiff; and it has been declared in several cases that a judgment will cure such defects in the complaint, although a general demurrer has been interposed and overruled: Santa Barbara v. Eldred, supra ; Grant v. Sheerin, supra; Wells Fargo & Co. v. McCarthy, supra; Burke v. Dittus, supra; Alexander v. McDow, 108 Cal. 25, 29 [41 Pac. 24] ; Arnold v. American Ins. Co., 148 Cal. 660, 663 [25 L. R. A. (N. S.) 6, 84 Pac. 182] ; Baker v. Miller, supra.
Coming now to the particular legal conclusion here pleaded, a complaint alleging merely that defendant “became indebted” was held bad on general demurrer, because this statement was a conclusion of law (Fox v. Monahan, supra), and the same rule was declared in Piercy v. Sabin, supra, but as a dictum. In Ellis v. Central etc. Co., 37 Cal. App. 390, 395 [174 Pac. 407], a like allegation was said to be a statement of an ultimate fact; but this also was dictum, and we think it is not correct. It has also been held that on appeal from a default judgment a complaint alleging that defendants “became indebted” is sufficient (Killilea v. Wilson, 5 Cal. App. 6 [89 Pac. 621]) ; but this is in pursuance of the rule, from which there appears to be no dissent, that a conclusion of law in which the essential fact is implied supports a default judgment. Penrose v. Winter, 135 Cal. 289, 291 [67 Pac. 772], which is limited to default judgments in Knox v. Buckman & Co., supra.
*793 On a review of all these authorities it is apparent that some which uphold a complaint like that we have here are distinguishable because grounded on a different state of the proceedings. Others are not distinguishable in principle, but we think the weight of authority, as well as the better reason, is with those decisions which hold a conclusion of law to be an insufficient statement of fact, when it is attacked by a general demurrer and no estoppel, waiver or other cure for the defect appears in the record. In so holding we are but following the provision of the code which requires the facts of the plaintiff’s case to be stated. (Code Civ. Proc., sec. 426.)
There remains for consideration the question whether this complaint may be regarded as a common count and so upheld. Common counts, although mainly conclusions of law, are recognized in this state as sufficient and are not subject to either general or special demurrer. (Minor v. Baldridge, 123 Cal. 187, 190 [55 Pac. 783] ; Pike v. Zadig, 171 Cal. 273, 276 [152 Pac. 923] ; Auckland v. Conlin, 203 Cal. 776, 778 [265 Pac. 946] ; Lehner v. McLennon, 54 Cal. App. 491, 493 [202 Pac. 41].) The usual form of common count for services alleges that they were performed at the request of defendant and that he promised to pay for them. Neither of these allegations appears here. But it is held that “under our system of pleading, where only the facts which constitute the cause of action are to be alleged, it is not requisite to aver either the consideration or the promise, when they are implied as a legal conclusion from the facts which are alleged. While counsel and advice are frequently given without any request, and may be of no benefit to the party to whom they are given, yet a complaint which shows that the plaintiff rendered services to the defendant which were received by him in person, and were presumptively at his request, and of which he has enjoyed the benefit, states facts from which the liability of the defendant therefor is presumed, and is good as against a general demurrer.” (Emphasis ours.) (McFarland v. Holcomb, 123 Cal. 84, 86 [55 Pac. 761]. To the same effect are Aydellotte v. Billing, 8 Cal. App. 673, 675 [97 Pac. 698] ; Preston v. Central etc. Co., 11 Cal. App. 190, 194 [104 Pac. 462] ; Krieger v. Feeny, 14 Cal. App. 538, 542 [112 Pac. 902]. The reasoning of the court in the *794 language just quoted leads clearly to the conclusion that a complaint is not good as a common count unless it either expressly alleges a promise by the defendant to pay or alleges facts from which such a promise is implied by law. No such facts appear here. If it were alleged that plaintiff’s services were rendered to and received by the defendant, the complaint would be good, under the authorities just cited, because from this fact a promise to pay would be implied. ' But here the allegation is that the' services were rendered to another, and in the absence of a request by respondent therefor, no promise to pay can be implied and the complaint cannot be upheld as a common count, unless some liability to pay for these services is otherwise cast upon respondent by law.
The only law suggested as a source of such liability is section 171 of the Civil Code. That imposes on a wife a liability for necessaries of life furnished to the husband; but to establish such liability a plaintiff must show that the services furnished were necessaries of life and that they were furnished while husband and wife were living together. An allegation that the wife has property from which payment may be enforced under that section is not required. (Evans v. Noonan, 20 Cal. App. 288, 296 [128 Pac. 794] ; Ackley v. Maggi, 86 Cal. App. 631 [261 Pac. 311].) The fact that the services were necessaries sufficiently appears here from the allegation that they were professional services of a dentist. (Evans v. Noonan, supra, at p. 299.) But there is no allegation that respondent and her husband, to whom the services were furnished, were living together at the time. Hence the complaint cannot be supported under section 171.
While a wife may personally agree to pay for services to be furnished to her husband, and if she does so she is personally liable and may be sued on her contract (Wisnom v. McCarthy, 48 Cal. App. 697, 705 [192 Pac. 337] ; Lane v. McAlpine, 115 Cal. App. 607, 611 [2 Pac. (2d) 184]), there is here no allegation of any such contract and the complaint is insufficient from this standpoint for the reasons already stated.
. While the complaint seems capable of amendment so as to state a cause of action, the demurrer was sustained without leave to amend, which ordinarily would be given in *795 such a case. But the record shows that plaintiff was not represented at the hearing of the demurrer, and it may be that leave was denied for this or perhaps some other sufficient reason not appearing in the record. A judgment will not be reversed for failure to grant leave to amend in such a case where the record does not show that such leave was requested. (Philbrook v. Randall, 195 Cal. 95, 105 [231 Pac. 739] ; Hansen v. Carr, 73 Cal. App. 511, 518 [238 Pac. 1048].) Here there is no such showing.
The judgment is affirmed, with costs of appeal to respondent.
McLucas, P. J., and Bishop, J., concurred.