[Civ. No. 11352.   First Appellate District, Division Two.—September 16, 1940.]

RUBY GNESA, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

John J. O'Toole, City Attorney, and James J. Harrington for Appellant.

Philander B. Beadle and Allen Spivock for Respondent.

NOURSE, P. J.—The defendant appeals from a judgment awarding plaintiff damages for personal injuries.  The case was tried before a jury, and the verdict rests upon a state of facts which are not in material dispute.  At the time of her injuries, the plaintiff was attempting to cross Market Street

at about 9 o'clock P. M. at the intersection of Market and Van Ness. Market Street at this point has four sets of street car tracks, two eastbound and two westbound. The intersection is unusually wide, and, for the protection of traffic, crosswalks are maintained for the benefit of pedestrians, and two concrete islands are maintained at points near the center. The plaintiff approached the intersection from the north, waited until the traffic light showed green, and then started walking at a normal speed, having first observed that there was no east or west traffic on Market Street. As she reached a point about half-way between the north curb and first rail of the street car track she observed the defendant's street car which later struck her, and which was at that moment about 150 feet to her left. As she reached a point about three feet north of this first rail she observed that the street car was approaching her, having disregarded the electric traffic signal at the intersection. When she reached a point about midway between the first and second rails she observed that the street car had suddenly increased its speed to 25 or 30 miles per hour. It was then about 30 feet to her left. She then quickened her pace, and endeavored to escape from the path of the car which did not decrease its speed at any time while she was within this area. She was hit by the extreme left point of the front end of the car when she was at a point just south of the second or southerly rail.

There is no material dispute in the evidence showing these facts. The two questions raised by appellant require no extended discussion. The first involves the charge of contributory negligence. The admitted facts are that respondent looked before she entered the street, followed in obedience to the traffic signal, and kept in the pedestrian lane maintained at that intersection. Appellant's argument in short is that respondent was guilty of contributory negligence as matter of law because she did not anticipate the danger to her if appellant's street car should disobey the traffic signal and should suddenly be speeded up while she was making a reasonable effort to cross the street. There is no law to support appellant's contention. A party may assume that another will act within the law and with reasonable care not to harm another. Here the respondent did what the law required of her for her own safety. The fact that the appellant chose to act in disregard of these regulations was a matter which

respondent was not obliged to anticipate. There is nothing in the evidence here, such as was found in *Anderson* v. *Market Street Ry. Co.,* 116 Cal. App. 282 [2 Pac. (2d) 529], and *Gore* v. *Market Street Ry. Co.,* 4 Cal. (2d) 154 [48 Pac. (2d) 2], which would support a conclusion of the appellate court that no other inference than that of contributory negligence could be drawn from the facts proved. This being so the question of contributory negligence is one for the jury, and the case is controlled by *McQuigg* v. *Childs,* 213 Cal. 661, 663 [3 Pac. (2d) 309]; *Kuhn* v. *City and County of San Francisco,* 13 Cal. App. (2d) 641, 642, 643 [57 Pac. (2d) 147]; 23 Cal. Jur. 885. It would be difficult to find another state of facts so closely parallel with the Kuhn case, *supra*; and the rule of that decision upon the same question of contributory negligence is a complete answer to the point raised here.

■ The appellant argues that respondent failed to prove a case against the city and county when she neglected to prove the presentation of her demand upon the controller. The allegations of the complaint relating to the presentation of such demand completely satisfy the statute and were fully admitted by the appellant. None of the authorities cited by appellant touches upon the point in a case where the statute does not expressly require the proof. In certain proceedings, such as actions for divorce, material allegations are required to be proved, and these cannot be established by admissions in the pleading, but this is so only because of the special statutes. (*Flynn* v. *Flynn,* 171 Cal. 746, 748 [154 Pac. 837].) The settled rule is that, in absence of such statutory requirements, matters admitted in the pleadings need not be proved. (Code Civ. Proc., sec. 462; 21 Cal. Jur., p. 155.)

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.