[Civ. No. 14942. First Dist., Div. Two. Oct. 23, 1952.]

NORMA W. REMBOLD, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Philander Brooks Beadle and Shapro & Rothschild for Appellant.

Dion R. Holm, City Attorney, and Lawrence S. Mana, Deputy City Attorney, for Respondent.

GOODELL, J.—This is an appeal from a judgment entered on a nonsuit.

The action is one for personal injuries sustained by appellant in a fall on a sidewalk in San Francisco.

The claim, required by law to be filed before suit, contains the statement that the accident occurred on ''. . .

that certain street known as 18th Avenue, particularly the east sidewalk thereof near the intersection of the east side of *16th* Avenue and the north side of Geary Boulevard; . . ." (Emphasis added.)

The motion for nonsuit was not based on any failure to prove that the sidewalk was defective or that the authorities had no knowledge or notice of the defect, or any such matter of substance, but, as stated by counsel in presenting their motion, it was based "in particular in regard to the claim that is in evidence. We believe it is defective on the ground that it doesn't sufficiently and adequately describe the place where the accident occurred."

Paragraph XIII of the complaint reads as follows: "That plaintiff duly filed her claim with the defendant City and County of San Francisco in the manner and within the time provided by law."

In its answer the city made categorical denials of eight paragraphs of the complaint; two other paragraphs were denied for lack of information or belief, and three were wholly undenied. One of the three deals with fictitious defendants, another with public streets (which could not possibly be denied) and the third (par. XIII) is the one in question which presumably would have been denied had the city felt there was any valid basis for its denial.

Appellant contends that the failure to deny this allegation left no issue to be tried on that subject, and that it rendered erroneous the order granting the nonsuit based solely on the ground that the claim was insufficient or inadequate in its description of the place of the accident.

The rules on this subject are restated in *Fuentes* v. *Tucker,* 31 Cal.2d 1, 4-5 [187 P.2d 752], as follows: "One of the functions of pleadings is to limit the issues and narrow the proofs. If facts alleged in the complaint are not controverted by the answer, they are not in issue, and no evidence need be offered to prove their existence. (*Travelers Ins. Co.* v. *Byers,* 123 Cal.App. 473, 482 [11 P.2d 444]; Code Civ. Proc., §§ 462, 588, 1868, 1870, subds. (1), (15); see I Wigmore on Evidence [3d ed. 1940], p. 9, § 2.) Evidence which is not pertinent to the issues raised by the pleadings is immaterial, and it is error to allow the introduction of such evidence. [Citations.] It follows, therefore, if an issue has been removed from a case by an admission in the answer, that it is error to receive evidence which is material solely to the excluded matter."

The case of *Gnesa* v. *City & County of San Francisco*, 40 Cal.App.2d 640, 642 [105 P.2d 376], is directly in point. There it was alleged "That on December 16, 1938 plaintiff filed a duly verified claim with the Controller of said City and County setting forth the claim sued upon here," which allegation was admitted by the answer, and this court held that "The settled rule is that, in absence of . . . statutory requirements, matters admitted in the pleadings need not be proved. (Code Civ. Proc., § 462; 21 Cal.Jur. p. 155.)"

Respondent attempts to distinguish that case on the ground that "In the instant situation the evidence introduced in the course of the presentation of the plaintiff's case indicated that the claim as filed was not in compliance with the statutory requirement." Plaintiff testified that she fell on 18th Avenue, not on 16th. On cross-examination she was confronted with the claim and adhered to her earlier testimony. The claim itself was then introduced in evidence by the city without objection. Plaintiff of course had not offered it, since there was no issue respecting it. It is true the claim went into evidence "in the course of the presentation of the plaintiff's case" but clearly the city would have had no way of getting it before the court except in connection with plaintiff's cross-examination. In *Dressler* v. *Johnston*, 131 Cal. App. 690, 695 [21 P.2d 969], the court said: "A fact which is admitted by the pleadings is controlling upon that issue. It requires no evidence to support it. *It forbids the consideration of evidence which tends to refute the stipulated fact.*" (Emphasis added.) While the claim might have been used for impeachment respecting the place where plaintiff fell, it could not be invoked to prove by its own internal evidence that it was defective in form or content since there was no such issue. Under the authorities the court simply could not consider it in that connection. (*Fuentes* v. *Tucker, supra*; *Bloss* v. *Rahilly*, 16 Cal.2d 70, 77 [104 P.2d 1049]; *United Air Services, Ltd.* v. *Sampson*, 30 Cal.App.2d 135, 146 [86 P.2d 366]; *Driver* v. *International Air Race Assn.*, 54 Cal.App.2d 614, 620 [129 P.2d 771].)

Respondent also attempts to distinguish the Gnesa case by pointing out that "The allegation of the filing of the claim in the Gnesa case was one definitely of fact, setting forth the date of the filing of the claim, the fact of the verification of the claim, the officer with whom the claim was filed, and the nature of the claim." This argument is advanced as part of respondent's contention that "The allegation of the filing

of the claim was not well pleaded and . . . was not admitted by the failure . . . to deny it."

There is no substantial difference between the "claim" allegation in the two cases. It may be conceded that paragraph XIII is a conclusion of law. Even so, the city was content to take it as it was, without demurring. The allegation even in conclusional form would be invulnerable to a general demurrer. ▉ ▉ The settled rule is stated in 21 California Jurisprudence, pages 108-109 as follows: "A general demurrer . . . does not reach mere defects in allegations, defects in matter of form—as that the essential facts appear only inferentially, or as conclusions of law, or by way of recital." The following statement in *Green* v. *Darling,* 73 Cal.App. 700, 704 [239 P. 70], is peculiarly applicable to this case: "The objection that an essential fact appears in the pleading only in the form of a conclusion of law cannot be reached by general demurrer. (*Santa Barbara* v. *Eldred,* 108 Cal. 294 [41 P. 410].) *In the instant case no demurrer was filed, and it is therefore even more apparent that this criticism of the complaint comes too late when raised for the first time on appeal.*" (Emphasis added.) See, also, *Cullinan* v. *Mercantile Trust Co.,* 80 Cal.App. 377, 383 [252 P. 647].

Moreover, section 459, Code of Civil Procedure, provides: " . . . In pleading the performance of conditions precedent under a statute . . . it is not necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part required thereby; if such allegations be controverted the party pleading must establish at the trial the facts showing such performance." See *Ley* v. *Babcock,* 118 Cal.App. 525 [5 P.2d 620]; *Bank of America* v. *McLaughlin Land & Livestock Co.,* 40 Cal.App.2d 620 [105 P.2d 607]. In *Blumer* v. *Kirkman Corp.,* 38 Cal.2d 480, 485 [241 P.2d 17], these two cases are cited with approval.

▉ And finally it might be observed that at the close of plaintiff's case (apparently because a juror was ill) counsel stipulated to proceed without a jury. If the trial had gone on to a judgment on the merits and the court had determined in its findings of fact and conclusions of law that the claim was defective, contrary to the admission, such finding would have been "outside the issues and erroneous." (*Bloomquist* v. *Haley,* 204 Cal. 251, 252-253 [268 P. 367], citing *Welch* v. *Alcott,* 185 Cal. 731 [198 P. 626]; see, also, *Lucy* v. *Lucy,* 22 Cal. App.2d 629, 635 [71 P.2d 949].) Nevertheless a similar de-

termination was made in this case when the court granted this nonsuit. There is no escape from the conclusion that it was error to do so.

Since, as we have seen, there was no issue at the trial as to the sufficiency of the claim, then obviously there can be no issue on appeal on that question (*Palpar, Inc.* v. *Thayer,* 82 Cal.App.2d 578, 583 [186 P.2d 748]) and no need to examine or discuss respondent's points or authorities under that head.

The judgment is reversed.

Nourse, P. J., and Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 18, 1952.