Main v. Field.

---

No. 1,510.

## MAIN *v.* FIELD.

INJUNCTION. — *Restraining a Resident from Prosecuting Attachment Proceedings in Foreign State.—Violation of Order.—Liability in Damages to Debtor.*—Since the courts of this State have the power to restrain a resident of the State from prosecuting an attachment proceeding in a foreign State, against a resident of this State, in violation of the section (2283, R. S. 1894) of the criminal statute, a person who, in violation of such a restraining order, prosecutes such proceeding in attachment or garnishment to judgment, and collects the same, is liable in damages to the one from whom the debt is thus collected.

Main v. Field.

SAME.—*Damages.—Failure to Obey Mandate.—Sufficiency of Answer.—Defense.* — In an action by the debtor for damages by reason of the failure of the plaintiff in the attachment proceeding to obey the mandate, and collecting money belonging to the debtor from the garnishee defendant, an answer is insufficient which does not deny the injunction, but relies upon the fact that the appellee did not appear in the attachment proceeding and plead the injunction in his defense.

SAME.—*Damages.—Notice to Garnishee.—Defense.*—The fact that the garnishee in the attachment proceeding was not notified of the injunction, and was not a party thereto, cannot avail the defendant in the action for damages.

SAME.—*Notice of Contents of Decree.—Certified Copy.*—One who was a party to an injunction proceeding, which resulted in an order and decree for injunction, is bound to take notice of the contents of such order and decree, and it is not necessary to serve upon him a certified copy of the same.

RECORD.—*Of Court of Another State.—When Properly Authenticated.—Jurisdiction.*—The record of a court of another State is properly authenticated where the same is attested by the clerk of such court, under his hand and the seal of the court, and the judge of the court certifies that the person who signed the certificate was the clerk of the court, and that the attestation is in due form of law. In such case jurisdiction of the foreign court will be presumed.

EVIDENCE.— *Excluding.—Tending to Establish Defense Formerly Adjudicated.—Damages.—Injunction.*—It was not error to reject evidence in an action for damages for failure to obey an injunction, which tended to establish the same defense set up in the injunction proceeding and determined against the defendant.

From the Floyd Circuit Court.

*G. H. Voit, E. B. Stotsenburg, J. V. Kelso* and *C. D. Kelso*, for appellant.

*A. Dowling*, for appellee.

REINHARD, C. J.—Action by the appellee against the appellant to recover money alleged to have been collected by the appellant in violation of an injunction granted by the Floyd Circuit Court. The complaint is in two paragraphs. The first paragraph was a common

Main *v.* Field.

count for money had and received, and the second contained a statement of the facts relied upon for a recovery.    The appellant has assigned as errors :

1.    That the first paragraph of the complaint is insufficient to constitute a cause of action.

2.    That the second paragraph is insufficient to constitute a cause of action.

3.    That the court erred in overruling the demurrer to the complaint.

4.    That the court erred in overruling the demurrer to the second paragraph of the complaint.

5, 6 and 7.    That the court erred in sustaining the demurrers to the second, third and fourth paragraphs of the answer.

8.    That the court erred in sustaining the appellee's motion to strike out the fifth paragraph of the answer.

9.    That the court erred in overruling the motion for a new trial.

Appellant's counsel say: ''The court will observe that when the demurrer was filed to the complaint it then consisted of only one paragraph, the second paragraph being filed afterward.''    In this statement counsel are not sustained by the record.    The latter shows that after the second paragraph of the complaint had been filed the appellant filed his demurrer to the complaint. For this reason, if the complaint was sufficient as to either paragraph, the demurrer for want of facts would have to be overruled.    This has been so often decided that the citation of authorities is unnecessary.    Moreover, the only cause of demurrer assigned is that there was a misjoinder of causes of action.    It is not now insisted that two causes were improperly united, but the error relied upon is that the first paragraph is insufficient.    But if the appellant had properly ''discussed'' the question, it would not be available to him, for the

reason that if error had been committed it would not be reversible. R. S. 1894, section 344 (R. S. 1881, section 341); *Carnahan* v. *Chenoweth*, 1 Ind. App. 178.

Neither does the assignment of error that the complaint fails to state facts sufficient to constitute a cause of action entitle the appellant to have each paragraph considered separately. Such an assignment, like a demurrer addressed to the whole complaint, tests the latter only as an entirety, and if there is a single good paragraph in the pleading the whole will stand. It is not contended, in connection with this branch of the case, that the second paragraph is bad.

This disposes of the first, second, and third assignments of errors. The fourth assignment calls in question the sufficiency of the second paragraph of the complaint, the same having been attacked separately by demurrer.

The second paragraph of the complaint, omitting the mere formal parts, is as follows:

"That on and before the 14th day of February, 1887, he (the said plaintiff) was and ever since has remained a resident householder of the city of Jeffersonville, in the county of Clark, in the State of Indiana, keeping house, and residing with his family as the head thereof; that on said 14th day of February, 1887, he was indebted to the defendant in the sum of two hundred and thirty-two dollars and fifty-five cents, for goods and merchandise sold and delivered by the defendant to him, evidenced by the promissory note of the plaintiff, bearing date of June 4, 1884, payable sixty days thereafter to the order of the defendant; that he was not indebted to the defendant on any other account or demand whatever, and that he was on said 14th day of February, 1887, and ever since has been, unable for want of means to pay the said debt and note, or any part thereof;

Main *v.* Field.

that on said 14th day of February, 1887, the total value of all the property, real and personal, owned by the plaintiff within and without the State of Indiana, together with all his cash on hand and on deposit within and without the State of Indiana, rights, credits, and choses in action belonging to him or in which he had any interest did not exceed the sum of five hundred dollars in amount, and that the total value of all the property, moneys, rights, credits, and choses in action so owned and held by the plaintiff, and in which he had any interest, did not at any time between said 14th day of February, 1887, and the date of the grievances hereinafter set forth exceed in amount the sum of five hundred dollars; that being such resident householder, the said plaintiff had at the dates aforesaid, ever since has had, and yet has the right to claim, and was and is entitled to hold and have set off to him all of his said property, real and personal, moneys, rights, credits, and choses in action as wholly and entirely exempt from levy and sale upon execution, attachment, or garnishment, upon any and all claims of his creditors founded upon contracts, and especially against the said claim of the defendant upon said note; that on said 14th day of February, 1887, the defendant was, and for ten years before that had been, and ever since has remained, a citizen and resident of the said county of Floyd, and had notice of the straightened circumstances of the plaintiff and of his inability to pay said debt and claim without distressing his (said plaintiff's) family, but that on said 14th day of February, 1887, the defendant, with the intent thereby to deprive the plaintiff of his rights under the statutes of the State of Indiana on the subject of exemption of property from levy and sale on execution, or in attachment and garnishment, and for the purpose of seizing upon and garnishing the wages of

the plaintiff coming to him from the Pennsylvania Company, a railroad corporation for whom the plaintiff was then and there working, and by which he was employed in the State of Kentucky, where said company had an office and divers agents and officers, and where said company owned real and personal property of the value of one million dollars, removed his said claim out of the State of Indiana and commenced an action on said note against the plaintiff in the Louisville Law and Equity Court, in the city of Louisville, in the county of Jefferson, and State of Kentucky, and in connection with the said action, and in aid thereof, the said Reuben P. Main then and there commenced and prosecuted a proceeding in attachment and garnishment against this plaintiff and against his property, wages and earnings in the hands of, and held and owing to him by, said Pennsylvania Company, and that a writ of garnishment was by said Main sued out in said action against the said Pennsylvania Company, and was on said day duly served upon the said corporation; that at the time of the commencement of the said action and the service of the said writ of garnishment upon said Pennsylvania Company, the said corporation was indebted to this plaintiff in the sum of seventy-five dollars, being the amount of one month's wages due to him; that at the time of the commencement of the said action and proceeding in garnishment by the said Main against this plaintiff in the said law and equity court, he (the said plaintiff) was then and there, and the said defendant, Reuben P. Main, and the said Pennsylvania Company, the corporation owing for the earnings intended to be reached by said proceeding in garnishment and attachment, were, each and both and all of them, within the jurisdiction of the courts of the State of Indiana, and so remained until after the happening of the grievances

hereinafter set forth, and ever since have so remained; that on the 5th day of March, 1887, and while the said action and proceeding in attachment and garnishment were so pending and being prosecuted in the said Louisville Law and Equity Court, this plaintiff being still unable to pay the said claim or any part thereof, and being greatly harassed and distressed by the said action and proceeding, commenced his suit against the said Reuben P. Main in the Floyd Circuit Court, in the county of Floyd aforesaid, to restrain and enjoin the said Reuben P. Main from further prosecuting and maintaining his said action and proceeding in garnishment and attachment against this plaintiff and his property and wages due and to become due to him from said Pennsylvania Company, in the said Louisville Law and Equity Court, and on the said 5th day of March, 1887, on the motion of the said plaintiff a temporary injunction was issued by the Hon. Charles P. Ferguson, the judge of the said Floyd Circuit Court, addressed to the said Reuben P. Main, and strictly enjoining him from further prosecuting the said action and proceeding in attachment and garnishment in said Louisville Law and Equity Court against this plaintiff until the further order of the Floyd Circuit Court to be made in said cause; that said order and injunction were served upon the said Reuben P. Main on the 5th day of March, 1887, and that said injunction remained in full force and effect until the final trial of said cause; that such further proceedings were had in the said cause in the said Floyd Circuit Court, that afterward, on the 11th day of June, 1887, this plaintiff recovered a judgment against the said Reuben P. Main in said action, strictly and perpetually enjoining him, his agents, attorneys, and servants from further prosecuting the said action and proceeding in attachment and garnishment in the Louisville Law

and Equity Court against this plaintiff and the said Pennsylvania Company as garnishee.

"Pending the said action by this plaintiff against the defendant Main in the Floyd Circuit Court to enjoin the further prosecution of said action in the Louisville Law and Equity Court, the wages of this plaintiff due and owing to him from the said Pennsylvania Company accumulated to the amount of two hundred and twenty-five dollars, but the whole of the property, real and personal, of the plaintiff, together with all of his moneys, rights, credits, and choses in action, including said wages so due to him from said Pennsylvania Company did not exceed in value and amount the sum of four hundred dollars, and all of said property, moneys, rights, credits, and choses in action were exempt from levy and sale on execution and from garnishment and attachment, and were so claimed by this plaintiff, but the said defendant, in utter disregard of the rights of this plaintiff under the statutes of the State of Indiana, and in contempt and violation of the order and judgment of the said Floyd Circuit Court made and rendered in that behalf as hereinbefore stated, did continue to prosecute his said action and proceeding in garnishment and attachment against this plaintiff and against the said Pennsylvania Company in the said Louisville Law and Equity Court, and under the orders, judgment, and proceedings of said court so wrongfully prosecuted and oppressively maintained as aforesaid, did then and there unlawfully, wrongfully, and oppressively collect and receive from the said Pennsylvania Company, as garnishee in said action of the wages and earnings of this plaintiff, all of which were then and there exempt from execution, attachment, and garnishment, the sum of two hundred and twenty-five dollars, to the damage of this plaintiff five hundred dollars. Wherefore," etc.

Main *v.* Field.

It is urged by appellant's counsel that this paragraph is bad because it appears from it that the money claimed was paid upon a judgment rendered in a court of competent jurisdiction ; that the pleading does not show the judgment to be void, but on the contrary, as the defendant and garnishee to the action in Kentucky were duly served with notice of the pendency thereof, and had their day in court, the judgment rendered by said court is binding and in full force against them, and that this is the more especially true since the appellee and the Pennsylvania Company did not set up any defense to the action against them in said Kentucky Court.

Whether the appellant is liable or not in the present action depends not so much upon the question as to whether or not the Kentucky judgment is void as it does upon the fact that the appellee, by obtaining and collecting a valid judgment, has deprived the appellant of some right for which he is entitled to compensation. The judgment might be voidable, or even void, and yet if the judgment defendant voluntarily paid it, he could not afterwards, in a separate action, recover the money so paid. On the other hand we can conceive of circumstances under which a party against whom a judgment which is valid upon its face has been recovered and collected may compel the refunding of the money, and if the case before us comes within this class of cases the appellee was entitled to recover, even though the judgment is *prima facie* valid. The statute makes it a criminal offense for any person to send, or cause to be sent, any claim against a citizen of Indiana into another State, for the purpose of being collected in the courts of another State by proceedings in attachment, garnishment, or other *mesne* process, when the parties, including the one owing for the earnings intended to be reached by such proceedings are within the jurisdiction of the

courts of this State, and prescribes a punishment for the same. R. S. 1894, section 2283 (R. S. 1881, section 2162).

The statute also makes it a misdemeanor to assign or transfer, directly or indirectly, any claim or debt against a citizen of this State, for the purpose of having the same collected by proceedings in attachment, garnishment, or other process, out of wages or personal earnings of the debtor in courts outside of Indiana, when all the parties, including the person owing the money intended to be reached by the proceedings, are within the jurisdiction of the courts of this State. R. S. 1894, section 2284 (R. S. 1881, section 2163).

Under this statute it has been held that an injunction will lie to prevent the prosecution of an attachment suit in another State in violation of the section first cited. *Wilson* v. *Joseph*, 107 Ind. 490. It has also been decided by the Supreme Court under the section last cited, that the transfer of a just debt due from a resident of this State to a citizen of another State, and the collection thereof by attachment and garnishment, will not entitle the debtor to recover from his creditor any damages. *Uppinghouse* v. *Mundel*, 103 Ind. 238.

Notwithstanding the last-named decision this court held in *Kestler* v. *Kern*, 2 Ind. App. 488, that if the creditor wrongfully send a claim out of the State for collection by attachment or garnishment, and the debtor is thus deprived of the benefits of the exemption laws, an action will lie to recompense him for the loss thus sustained. The writer of this opinion thought at the time, and still thinks, that the two cases are in diametrical conflict and cannot possibly be reconciled. The real question in the present case, however, is not whether the party who thus collects his debt is ordinarily liable to the injured person in damages, but

whether there is such a liability from one who knowingly and deliberately violates the order of an injunction issued from a court in this State, forbidding him to collect his debt in that manner. As we have seen, the case of *Wilson* v. *Joseph, supra,* holds that the courts of this State have the power to restrain by injunction a resident of Indiana from prosecuting an attachment proceeding against another resident, in a foreign State, in violation of the section of the criminal statute cited. The courts having that power conferred upon them, a violation of an order made in pursuance thereof would, of course, constitute a contempt of the authority of the court issuing the injunction, which would subject the offender to the summary punishment of such tribunal. But the question still remains whether the violator of the injunction would also be liable in damages to the one from whom the debt is thus collected.

As we have said, the appellant's contention is that the appellee should have appeared in the Louisville Law and Equity Court and set up his defense there. On the other hand, the appellee insists that he had already litigated the question of his right to the benefits of the exemption laws with the appellant in a court of competent jurisdiction in this State, and that by the decision of the Floyd Circuit Court the appellant was bound. The appellee's position is thus expressed in the brief of his counsel: "The appellant had no right to take a step in the suit in the Louisville Law and Equity Court. He could not do so without violating the restraining order, or the injunction. If he did proceed in contempt of the order of the court, his proceedings were void. The appellee had a right to rely upon the order and the judgment of the Floyd Circuit Court. He was under no legal obligation to follow the appellant into another forum and again assert rights which had been finally

adjudicated and established. If the appellant, Main, continued to prosecute his action in Louisville, he did so at his peril. He rendered himself liable to be punished for a contempt. His proceedings in violation of the injunction were void."

A judgment obtained in violation of an injunction is void, and may itself be enjoined from collection. *Collins* v. *Fraiser*, 27 Ind. 477; *Lee* v. *Gross*, 126 Ind. 102. The courts of this State, of course, have no power over the courts of any other State, and cannot interfere with their proceedings. They do, however, have jurisdiction over the citizens and inhabitants of their own State, and when an order is made against a resident of Indiana by a court of this State, such court having first obtained jurisdiction by due process, the order is binding upon such person, and as between him and such court he is amenable to its orders and liable to punishment for a violation thereof. As was said by the supreme court in *Wilson* v. *Joseph*, *supra*: "It is a familiar principle of equity jurisprudence that decrees in equity operate only on the person, and that suits will be entertained although the subject of the suit is situated in another State."

That relief by injunction may be obtained in such a case as we have here presented, we think is well settled by the case just cited. See, also, *Cole* v. *Cunningham*, 133 U. S. 107. But if the person who has thus been made to suffer pecuniarily from a disregard of the decree of the court is to be limited in his remedy to having the offender punished for contempt, it will be but a poor recompense to him, and the law, instead of being a shield, will become an instrument of oppression and wrong in the hands of him who thus deliberately defies its mandates. As between the appellant and appellee, the judgment of the Kentucky court is void

and entitled the appellant to no relief under it, and having collected the judgment in violation of law and the decree of the court, the appellee is entitled to recover it. There was, therefore, no error in overruling the demurrer to this paragraph of complaint.

We come now to consider the alleged errors of sustaining demurrers to the second, third, and fourth paragraphs of the answer.

The second paragraph sets forth the proceedings in the Louisville Law and Equity Court of Kentucky, including the judgment there obtained by the appellant. It avers that the appellee voluntarily suffered and permitted the appellant to obtain said judgment against him and the garnishee, the Pennsylvania Company, in said action, without setting up or claiming or asserting any defense whatever in bar or in confession and avoidance, or that he was a resident householder of Indiana, or that a temporary restraining order or a perpetual injunction had been issued in his favor or against the appellant as specified in the second paragraph of the complaint. It is further averred that the appellee did not by any notice or pleading whatever, in said proceeding in the Louisville Law and Equity Court, inform the said Pennsylvania Company of the said injunction proceedings and judgment or of his intention to claim the benefit of the exemption laws of Indiana as to the money in its hands belonging to him as a resident householder of Indiana, although said Pennsylvania Company was not a party to the said suit. We think the court correctly sustained the demurrer to this pleading. If we are correct in our conclusions as to the ruling upon the complaint, this result must inevitably follow. This answer must be construed in connection with the second paragraph of the complaint. This, the answer before us seeks neither to deny nor to confess

and avoid.   It does not deny the injunction which is set
up in the second paragraph of the complaint, but seems
to rely upon the fact that the appellee did not appear
in the Kentucky court and plead the same in his defense.
This was not necessary.   The injunction had served its
purpose when the judgment was rendered.   The appel-
lant was a party to that judgment, and it was binding
upon him.   If he violated it, and the appellee was made
to suffer, every rule of good conscience and equity
requires that the appellant should respond in damages.
Nor can the fact that the Pennsylvania Company, which
was the garnishee in the proceedings in the Kentucky
court, was not notified of the injunction and was not a
party thereto, avail the appellant here.   That corpora-
tion, if the court had properly acquired jurisdiction over
it, is doubtless protected from again paying the debt it
paid under the order of the Louisville court.   The pres-
ent action is not against the Pennsylvania Company,
nor is it sought to make it liable here for any amount.
The very basis of this action is for depriving the appellee
from collecting his debt of the Pennsylvania Company,
in violation of the order of the court in the injunction
proceeding.   If that company were still liable for it,
there would be no necessity for proceeding against the
appellant.

In the third paragraph of the answer it is alleged, in
response to the second paragraph of the complaint, that
no writ of injunction was ever issued upon the judg-
ment specified in said second paragraph of the com-
plaint, and that the clerk of the Floyd Circuit Court did
not at any time issue a copy of said judgment, duly
certified by him, and no such copy, if the same was ever
issued, was ever served by delivery thereof to the appel-
lant.   There was certainly no error in sustaining the
demurrer to this paragraph.   The appellant was a party

to the proceeding which resulted in the order and decree for an injunction. He was therefore bound to take notice of the contents of such order and decree, and a certified copy of the same duly served upon him would have been no more binding upon him than the judgment itself. *Hawkins* v. *State*, 126 Ind. 294.

We have examined the amended fourth paragraph of the appellant's answer, to which the court sustained a demurrer, and find that in so far as the same contains any matter in defense of the action it is covered by, and the same facts were provable under, the general denial. There was consequently no available error in the court's ruling.

Complaint is made of the ruling of the court in striking out the fifth paragraph of the answer. The ruling was correct. The appellant could have proved everything alleged in this answer under the general denial.

The last error assigned and discussed is the overruling of the motion for a new trial. Appellant insists that the evidence was insufficient to support the finding. We have examined the evidence and think it fully sustains the finding.

The third and fourth reasons for a new trial have reference to the admission of improper evidence. It is suggested, under this head, that the transcript of the Louisville court was not properly authenticated, inasmuch as the official character of the judge was not certified by the clerk under the seal of the court. The record was attested by the clerk of the Louisville Law and Equity Court, under his hand and the seal of the court. The judge of the court certified that John S. Cain, who signed the said certificate, was the clerk of said court, and that the attestation was in due form of law. This was in conformity to the act of congress upon the sub-

ject, and was sufficient.    R. S. 1894, section 458 (R. S. 1881, section 454).    The authentication shows that the judgment was rendered by a court of another State, having a judge, clerk and seal, and jurisdiction will be presumed.    *Bailey* v. *Martin*, 119 Ind. 103.

Other reasons for a new trial were assigned and are discussed by counsel, but these are not of sufficient importance to require special consideration.    This court is impressed with the belief that a correct conclusion was reached by the trial court, and that no substantial error was committed.

The judgment is affirmed.

Filed June 4, 1895.

### ON PETITION FOR REHEARING.

REINHARD, C. J.—Appellant's learned counsel complain that we did not in our former opinion pass upon all the questions presented by them in the record.    The only undisposed of question discussed in appellant's brief for a rehearing relates to the rejection of certain testimony proposed to be given by the appellant.    He offered to prove by himself and another witness that he did not violate the order of the court embraced in the injunction, after the same was finally determined, for the reason that he had previously given and transferred the note sued on to one Parks, of Louisville, Kentucky, a nephew of the appellant, and that it was, in fact, said Parks who instituted and carried on the suit in the Louisville Law and Equity Court, and not the appellant, although the suit was carried on in the name of the latter, but without his knowledge and consent; that as soon as appellant was informed of the suit, he disclaimed any interest therein, and thereafter it was prosecuted in the name of said Parks, who was the real party in interest, and that the money was in reality col-

lected by said Parks, the appellant receiving none of it and having no interest therein.

We think the court properly excluded this proposed testimony. The record shows that substantially the same defense was set up by the appellant's answer in the injunction suit. It was there averred in substance that Main had given and transferred the note in question to said Parks, and that appellant did not commence or instigate the commencement of the action or proceedings in the Louisville Law and Equity Court, and that he had no knowledge of said suit except such as he derived from the complaint, a copy of which had been served upon him with the restraining order; that he had no connection with said suit, and had not attempted and was not then attempting, directly or indirectly, to collect such note or any note, claim, debt or judgment whatever from said Field, and that he had no interest or property in said note transferred by him to his nephew Parks.

The issue tendered by this answer was tried by the court and determined against the appellant. He is therefore concluded by the same, and could not by the introduction of the proposed testimony again put in issue the questions so determined against him.

Petition overruled.

Filed October 31, 1895.