[Civ. No. 6387. First Appellate District, Division One.—December 26, 1928.]

SARAH KIRBY, Appellant, v. SAN FRANCISCO SAVINGS & LOAN SOCIETY (a Banking Corporation), Respondent.

J. J. Dunne and Harmon D. Skillin for Appellant.

Goodfellow, Eells & Orrick and Bradford W. Bosley for Respondent.

THE COURT.—This action was brought to recover damage alleged to have been caused by the payment to plaintiff's husband of a deposit made by the spouses in defendant bank, and the withdrawal of which by the husband had been enjoined.

The complaint alleged that on March 14, 1924, the community property of the spouses consisted, among other things, of a bank account or deposit with defendant bank in the sum of $2,521.80; that the deposit was in the names of plaintiff and her husband, Michael J. Kirby, "and in form to be paid to either said plaintiff or said Michael J. Kirby or the survivor of them"; that on the above date the plaintiff commenced in the superior court of the city and county of San Francisco an action for divorce against her husband on the ground of extreme cruelty; that on the same day in that action the court issued its order restraining Michael J. Kirby, "his agents and servants and each of them from selling, assigning, withdrawing or otherwise disposing of, or mortgaging or incumbering the community property of the parties to the action for divorce, including the aforesaid bank account . . . with said defendant . . . "; that certified copies of the order were on the day of its issuance served upon the husband and defendant bank. It was further alleged that on March 15, 1924, in violation of the restraining order, defendant paid over and delivered to Michael J. Kirby the amount of the deposit, and the whole thereof was lost to plaintiff; that on March 27, 1924, Kirby having made default, the divorce action was tried, findings of fact were

filed, and an interlocutory decree entered, by which a divorce was granted to the plaintiff on the ground alleged and the deposit awarded to her. According to the above findings, a copy of which was attached to the complaint, the deposit was the community property of the spouses. The complaint further alleged that on March 27, 1924, a copy of the decree was served upon defendant bank; that no part of the deposit has been paid to plaintiff, and that by reason of the premises she was damaged in the amount thereof.

A general demurrer to the complaint was sustained with leave to amend. The plaintiff, however, declined to amend, and from the judgment entered upon the demurrer plaintiff appealed.

█ It is the rule that there can be no disobedience of an injunction by a person who is not included in the mandate of the court, either by name or as a member of the classes of persons properly included, or who is not active as an aider or abettor of one so included in the assertion of his claims. (*Berger* v. *Superior Court,* 175 Cal. 719 [15 A. L. R. 373, 167 Pac. 143].) In some jurisdictions, where the disobedience of an injunction has resulted in pecuniary loss or injury to the plaintiff, the court, by reason of statute, may, in imposing punishment, award an amount sufficient to indemnify him for his loss, while in others relief is given in an independent action. (32 Cor. Jur., Injunctions, sec. 889, p. 509, and cases cited.) But whatever the form of the proceeding for relief, the right to recover as against one who, in disobedience of the mandate of the court, violates a right sought to be protected thereby, to the damage of another, or who knowingly aids and abets such violation, is generally recognized. (*Lawton* v. *Herrick,* 83 Conn. 417 [76 Atl. 986]; *White* v. *Wadhams,* 211 Mich. 658 [179 N. W. 245]; *Webster* v. *Douglas County,* 102 Wis. 181 [72 Am. St. Rep. 870, 77 N. W. 885, 78 N. W. 451]; *Main* v. *Field,* 13 Ind. App. 401 [40 N. E. 1103]; *Springfield M. & F. Ins. Co.* v. *Peck,* 102 Ill. 265.)

█ Defendant claims that a court of law cannot take cognizance of the violation of an injunction in another action unless the injunction be shown to have been perpetuated by a final decree, relying upon a statement to that effect in High on Injunctions (fourth edition), page 1461, in support of which the case of *Callan* v. *McDaniel,* 72 Ala. 96, is cited. An examination of this case, however, shows that the de-

cision was not contrary to the rule stated in the cases cited above. The action was one in ejectment, and in the course of the trial a writ of injunction, issued in an equity case between the same parties, enjoining the plaintiff from clearing the land involved in the action then being tried, was offered in evidence for the purpose of showing that the writ had been violated. The offer was rejected, and in affirming the ruling the court, after stating in substance that the offered evidence was not material to the issues in the ejectment action, and that the violation alleged could not be punished in that proceeding, said: "If the suit in equity has passed into a final decree and the injunction been perpetuated, the court adjudging that the defendant was without right to clear the land in controversy, the decree would be admissible evidence and conclusive. That is not, however, the question now presented."

In the present action it is not claimed that the defendant acted as the agent or servant of Kirby, and it was not named in the restraining order. Defendant contends, therefore, that this case is to be distinguished from cases where the depositary was so named in the order, as in *Springfield M. & F. Ins. Co.* v. *Peck, supra;* and that in the absence of an allegation that it was so named, or acted as an agent or servant of Kirby, the complaint was insufficient. Such allegations, however, in view of other facts pleaded, were not essential to the statement of a cause of action against the defendant within the above rule as to liability, it being sufficient that the complaint show that the defendant aided and abetted Kirby in doing the act which resulted in damage to the plaintiff. As stated, the complaint averred that the withdrawal of the deposit by Kirby was enjoined, and it sufficiently appears therefrom that the defendant knew the fact. It is also manifest from the situation disclosed by the pleading that without the defendant's aid and co-operation such withdrawal was impossible. Taken in connection with these facts, the averment that "in violation and disregard of said restraining order and in prejudice to the rights of the plaintiff said defendant paid over and delivered to said Michael J. Kirby and said Michael J. Kirby received from said defendant the whole of said deposit . . . ," while open to the criticism that with allegations of fact it also contained conclusions of law, was nevertheless sufficient to meet the objection raised by the general demurrer; and if

the precise facts claimed to have had the effect of constituting the defendant an aider and abettor in the violation of the order and the rights of the plaintiff were left uncertain by the pleading, the objection should have been presented by a special demurrer. (*City of Santa Barbara* v. *Eldred,* 108 Cal. 294 [41 Pac. 410]; *Eva* v. *Andersen,* 166 Cal. 420 [137 Pac. 16]; *San Christina etc. Co.* v. *San Francisco,* 167 Cal. 762 [52 L. R. A. (N. S.) 676, 141 Pac. 384].)

Defendant contends that, it having been determined in the divorce action that the property was the community property of the spouses, the husband had, under the provisions of section 172 of the Civil Code, full power to withdraw the same, at least until the deposit had by a judgment of the court been awarded to the wife. That the husband had such power may be conceded; but that in the face of the restraining order he had not the right to do so against his wife is, we think, equally clear.

In view of the foregoing it will be unnecessary to consider the further claims by plaintiff that the service of the copy of the restraining order upon the defendant was sufficient, under the provisions of section 15a of the Banking Act (Stats. 1925, pp. 510–512), as a notice in writing not to pay the deposit according to its terms, and was also a notice of an adverse claim thereon by the plaintiff.

The judgment is reversed and the cause remanded, with instructions to the lower court to overrule the demurrer to the complaint.

A petition for a rehearing of this cause was denied by the district court of appeal on January 25, 1929, and a petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 21, 1929.

All the Justices concurred.