[Civ. No. 19198.   Second Dist., Div. One.   Feb. 5, 1953.]

MARIE C. MAWBY, Appellant, v. RICHARD R. LAMB
et al., Respondents.

Chadeayne & Wilkinson and J. Kingsley Chadeayne for Appellant.

No appearance for Respondents.

PATROSSO, J. pro tem.—In this action upon a promissory note, plaintiff appeals from a judgment in favor of the defendants. No appearance has been made in this court upon

behalf of the respondents and the matter has been submitted upon the appellant's opening brief.

The promissory note in suit was executed by the defendants in favor of Lawrence S. Mawby. It is dated April 11, 1949, in the sum of $3,957, payable in monthly instalments of principal and interest in the sum of $35.03, beginning May 1, 1949. Three days after the note was executed it was by the payee deposited with the Security-First National Bank of Los Angeles (Long Beach branch) for collection, and remained in possession of the bank until surrendered to the receiver as hereinafter stated.

At the time of the execution of the note, appellant and Lawrence S. Mawby, the payee, were, and since 1926 had been, husband and wife, and continued to live together until their separation in November, 1947. Some time prior to May 16, 1949 (the exact date does not appear), appellant instituted an action for divorce against her husband in the Superior Court in and for the County of Stanislaus, and on the latter date an amended complaint was filed therein in which the Security-First National Bank of Los Angeles was named as codefendant. The amended complaint, among other things, alleged that the bank had in its possession community property of the parties; that the defendant was absent from the State of California and would continue to remain absent therefrom; that unless restrained from so doing, he intended to and would dispose of and liquidate all of the community property and remove the proceeds thereof from the state for the purpose of depriving appellant of her community rights therein. In addition to other relief, the amended complaint prayed for the appointment of a receiver to take possession of all the community property of the parties within the jurisdiction of the court. Upon the filing of the amended complaint an order to show cause why such receiver should not be appointed and why an order for alimony pendente lite and attorneys' fees should not be made was issued as well as a restraining order restraining the defendant husband and the bank from transferring, assigning or otherwise disposing of any property of the parties. No service of the order to show cause or restraining order was had upon the defendant husband due to the fact that he was without the state, but the order was served upon the bank on May 20, 1949, and on the following day the bank advised the husband by mail of the service of the order upon it. In the meantime the defendants had paid to the bank the instalment of $35.03 due

on the note on May 1st, and on May 26th likewise paid to the bank the instalment to become due thereon on June 1st. On June 13th or 14th the bank received from the husband a letter dated June 8th, reading as follows: ''Please be advised by this letter that I have cancelled the note which you are collecting on the personal loan I made to Mr. and Mrs. Richard Lamb. They will make no further payments to you and you may remove this note from your file.'' The bank acknowledged receipt of this letter but advised Mr. Mawby that because of the restraining order it could not release the note.

Upon the hearing of the order to show cause in the divorce action on June 8th, the court made an order appointing one Hanson as receiver directing him to take into his possession the property belonging to the parties including the promissory note in suit; ordering the payment by the receiver from the assets coming into his possession of alimony and attorneys' fees in the amounts therein specified, and continuing in force the restraining order theretofore issued to the extent that disposition of the property was not otherwise authorized by the order. A copy of this order was served upon the bank on June 17, 1949, and on June 29th the bank surrendered to the receiver the property of the parties in its possession, including the promissory note in suit. On July 27th the receiver advised respondents of his appointment, and demanded payment of the instalment which became due on July 1st, as well as all future payments to become due thereon. Despite this, however, the respondents during the month of August made two payments upon the note to the husband payee, one in the sum of $70.06 and the other in the sum of $35.03. Also during the month of September respondents made another payment of $35.03 to the payee.

On November 15, 1949, an interlocutory decree was entered in the divorce action whereby it was adjudged that the note in suit was a community property of the parties, and the same together with other property therein described was awarded to the appellant. Pursuant to this decree the receiver delivered possession of the note to her and she thereupon instituted the present action.

It is to be noted at the outset that no claim is made that any payments were made on the note by the respondents except as above stated nor that any consideration existed for the purported cancellation thereof by the payee. Hence, unless the purported renunciation of the right to receive any further payments on the note by the husband is effective to

defeat the rights of the appellant thereto, no defense to the action was established by the respondents.

Appellant assigns various reasons for a reversal of the judgment but we need consider but one of these for it is determinative of the controversy.

The act of the appellant's husband in purporting to cancel the maker's obligation upon the note without payment of the amount due thereon or any other consideration was tantamount to an attempt on his part to make a gift of the debt represented thereby to the respondents, and, inasmuch as the note was the community property of the appellant and her husband (there is no conflict in the evidence with respect to this and it was so adjudicated by the decree in the divorce proceeding), it was as to the appellant voidable in its entirety. (Civ. Code, § 172; *Britton* v. *Hammell*, 4 Cal.2d 690, 692 [52 P.2d 221].) Moreover, prior to that time an order had been issued and was then in force restraining the bank and the defendant husband from transferring or assigning the same.

Although this restraining order was not served upon the defendant husband by reason of his absence from the state, service thereof was effected upon his agent, the bank which had the note in its possession, and hence the order as effectively bound the husband as though it had been served upon him personally. Furthermore, as we have already noted, the husband was notified of the restraining order and its service upon the bank prior to the time that he attempted to cancel respondents' obligation upon the note.

As reflected by the findings, the trial court rested its judgment in favor of the defendants solely upon the fact that, as the interlocutory decree in the divorce action by which the note in suit was awarded to appellant was entered subsequent to the time that the husband purported to cancel the note, appellant "took nothing as to said promissory note by virtue of said interlocutory decree" and hence was not entitled to recover thereon. The answer to this is to be found in *Kirby* v. *San Francisco Sav. & Loan Soc.*, 95 Cal.App. 757 [273 P. 609]. There the plaintiff had instituted an action for divorce against her husband and obtained an order restraining the defendant, his agents, and servants, from selling, assigning or otherwise disposing or encumbering the community property of the parties including an account in the defendant savings and loan society. In violation of this restraining order the defendant permitted the husband to withdraw the funds on deposit with it. Thereafter plaintiff was

granted an interlocutory decree of divorce by the terms of which the deposit in question was awarded to her, and she thereupon instituted action against the society to recover the sum so paid by it to the husband. At page 761, the court says:

"Defendant contends that, it having been determined in the divorce action that the property was the community property of the spouses, the husband had, under the provisions of section 172 of the Civil Code, full power to withdraw the same, at least until the deposit had by a judgment of the court been awarded to the wife. That the husband had such power may be conceded; but that in the face of the restraining order he had not the right to do so against his wife is, we think, equally clear."

The only inference deducible from the evidence is that the attempt of the appellant's former husband to cancel the maker's obligations upon the note in suit was a subterfuge designed to defeat the appellant's rights therein, and prevent the superior court in the divorce action from making appropriate disposition thereof. Nor do the respondents stand in any better light. ■■ While upon the trial they contended that the letter of July 8th addressed by the husband to the bank operated as a cancellation of any liability upon their part under the note, it is made to appear by their own evidence that thereafter, at a time when they had been advised by the receiver of his appointment and right to receive payments due and to become due thereon, they nonetheless made payment of at least four instalments due thereon to the husband. As to such payments they clearly are not entitled to credit as against the appellant, and to permit respondents to escape liability upon their obligation would be to perpetrate a gross fraud upon the appellant.

The judgment is reversed and the cause remanded for a new trial.

White, P. J., and Drapeau, J., concurred.