[Civ. No. 16077. First Dist., Div. Two. Jan. 5, 1955.]

L. RAY RHODES et al., Appellants, v. SAN MATEO INVESTMENT COMPANY (a Corporation), Respondent.

Hugh F. Mullin, Jr., for Appellants.

Cosgriff, Carr, McClellan & Ingersoll for Respondent.

DOOLING, J.—Plaintiffs and appellants are the owners of a lot of land improved with the home in which they live. This lot adjoins property belonging to defendant and respondent. The land is on a hillside and the property of appellants lies at a higher elevation than that of respondent. Respondent made excavations on its property which have resulted in slides creeping up the slope towards appellants' land. At the time of the trial this slide area was moving closer to appellants' property but had not actually encroached upon it and no physical damage had occurred to appellants' land.

Appellants sued for an injunction and damages. The trial court after hearing evidence granted a nonsuit on the question of damages and issued a permanent injunction ordering respondent to stabilize the hillside so as to prevent slides from encroaching upon or damaging appellants' property.

Appellants attack the order granting a nonsuit as to damages and certain rulings of the court excluding proffered evidence on that subject.  The only allegation of damages

alleged in the complaint is a decrease in the market value of appellants' property. This being so the case is ruled by *Spaulding* v. *Cameron,* 38 Cal.2d 265 [239 P.2d 625]. That case holds that where a nuisance is not permanent and may be abated a plaintiff cannot have a judgment abating the nuisance and also a judgment for the loss in market value of the property caused by the nuisance, since: "Plaintiff would obtain a double recovery if she could recover for the depreciation in value and also have the cause of that depreciation removed." (P. 269.)

Here the court expressly found that "it is possible, practicable and feasible for the earth or soil in said Lot 55 (respondent's land) to be permanently stabilized so as to prevent any further sloughing or sliding thereof, and to prevent any possible . . . damage to plaintiffs' property . . .." It has ordered this done by its judgment and hence under the rule of *Spaulding* v. *Cameron, supra,* damages for depreciation in market value could not be allowed. It was therefore not error to exclude evidence of such damage, and the grounds of such exclusion as stated by the court are immaterial.

Appellants point to evidence of personal inconvenience suffered by reason of their fear and worry caused by the threatened damage to their property. They did not plead this as an element of their damage and hence cannot complain that the court did not award them damages based thereon.

They also offered to prove that even if respondent's land is permanently stabilized there will be a depreciation in the value of their property for at least five years because of buyer fear of future slides. This would not be an allowable item of damage. If the land is in fact stabilized the mere psychological effect on prospective buyers of a lawful use by respondent of its own property, which in fact threatens no damage to appellants' land, could not be the basis for an award of damages.

If on the other hand, respondent fails to stabilize its land, as ordered by the judgment, it will be liable for any future damage that appellants' property may suffer by its failure to obey the court's injunction. (*H. J. Heinz Co.* v. *Superior Court,* 42 Cal.2d 164, 174-175 [266 P.2d 5]; *Kirby* v. *San Francisco Sav. & Loan Soc.,* 95 Cal.App. 757 [273 P. 609].)

Judgment affirmed.

Nourse, P. J., and Kaufman, J., concurred.