[Civ. No. 9278.   Third Dist.   May 14, 1958.]

JOHN GUTTINGER et al., Appellants, v. CALAVERAS
CEMENT COMPANY (a Corporation), Respondent.

Jones, Lane, Weaver & Daley and Neal W. McCrory for Appellants.

Wallace, Garrison, Norton & Ray and Huberty & Huberty for Respondent.

PEEK, J.—Plaintiffs sought to recover damages alleged to have been caused by the operation of defendant's cement plant which caused dust and chemicals to be deposited upon their lands. The defendant's answer admitted the operation of the plant, denied the material allegations of the complaint, and alleged as affirmative defenses that (1) the action was barred by the three-year statute of limitations; (2) the present action should be abated because the prior action was still pending; (3) the prior action is res judicata as to the issues raised in the present proceeding; and (4) the plaintiffs, having elected to pursue an equitable remedy in the prior case, they are now estopped from bringing the present action at law.

Pursuant to a motion of defendant the cause proceeded to trial on the affirmative defenses raised by the answer, and by stipulation of counsel the cause was submitted upon the record in the former case. (*Guttinger* v. *Calaveras Cement Co.*, 105 Cal.App.2d 382 [233 P.2d 914].) The trial court concluded that defendant's special defenses numbers two, three and four constituted a bar to maintaining the present action but found in favor of plaintiffs on the first, in other words that plaintiffs were limited to a proceeding to modify the injunction or to institute contempt proceedings. Plaintiffs now appeal from that judgment. The sole question before this court is whether plaintiffs have the right to pursue an action at law for damages accruing to them from defendant's alleged continuing maintenance of an abatable nuisance.

The record shows that in the prior proceeding which was instituted in March of 1948, the present plaintiffs or their predecessors in interest brought an action against defendant to enjoin a nuisance and to recover damages alleged to have occurred during the three years immediately preceding the filing of the complaint and caused by defendant's operation of its cement plant. The findings of the court in that proceeding which are pertinent to the issues now before us were that

the stack dust and raw mix in powdered form in quantities which theretofore had been and presently were being discharged from defendant's cement plant into the surrounding atmosphere constituted a nuisance which should be enjoined and abated; and that with a recovery of not less than 87 per cent of said flue dust and raw mix the remaining 13 per cent could not be injurious to, nor interfere with, the comfortable enjoyment of life or property of plaintiffs.

Pursuant to the findings the court gave injunctive relief as to all of the plaintiffs and awarded damages to some. The order, which read in part as follows, restrained the defendant ". . . from permitting to be discharged from its stack . . . stack dust and/or raw mix in powdered form, in excess of thirteen per cent (13%) of all flue dust and/or raw mix in powdered form which would, or could, be emitted or discharged from said kilns, or any thereof . . ." and ordered that defendant keep each precipitator unit in good operating condition in order to provide ". . . within reasonable limits, maximum operating efficiency, and with a dust recovery efficiency of not less than eighty-seven per cent (87%) at all times. . . ."

█ It is apparent from the conclusion of the trial court in the first proceeding that the nuisance was not permanent and that the same could be abated. As noted in *Phillips* v. *City of Pasadena,* 27 Cal.2d 104, 107-108 [162 P.2d 625] : ". . . if the nuisance may be discontinued at any time it is considered continuing in character. [Citations.] Every repetition of a continuing nuisance is a separate wrong for which the person injured may bring successive actions for damages until the nuisance is abated, even though an action based on the original wrong may be barred. [Citations.]"

█ Properly, therefore, plaintiffs were granted injunctive relief and damages for the past injuries suffered to their property. Thus it follows, "If the defendant is not privileged to continue the nuisance and is able to abate it, he cannot complain if the plaintiff elects to bring successive actions as damages accrue until abatement takes place." (*Spaulding* v. *Cameron,* 38 Cal.2d 265, 268 [239 P.2d 625].) █ Hence plaintiffs were entitled to sue for damages caused by defendant's violation of the decree (*H. J. Heinz Co.* v. *Superior Court,* 42 Cal.2d 164 [266 P.2d 5] ; *Rhodes* v. *San Mateo Investment Co.,* 130 Cal.App.2d 116, 118 [278 P.2d 447] ; *Yates* v. *Kuhl,* 130 Cal. App.2d 536 [279 P.2d 563] ), for damages caused by changed conditions, such as an increase in plant capacity, and for the

damages so caused they are not compelled to resort to equity.
■ But the equitable decree, while it does not bar the present action, is nevertheless, until modified, a final adjudication that with conditions as they were then, a discharge from the plant into the air of 13 per cent or less of "flue dust and/or raw mix in powdered form" does not cause injury to plaintiffs and is not as to them a nuisance for which damages may be awarded. To the extent specified, that decree is a final adjudication and they may not relitigate the issues so decided. Therefore plaintiffs are precluded from asserting any claim that, without change in the controlling facts on which the decree rested, and without violation of that decree by the defendant, they may yet make proof of injury and recover damages therefor. We do not understand that plaintiffs contend otherwise for in their closing brief they say:

"Hence, so long as conditions remained the same as they were in 1949 when the trial court made its finding of fact, and so long as the Respondent did not violate the terms of the Court's order, it may be assumed that no damage would result. But Appellants have alleged substantial damage to their lands after the Court's finding of fact and from the same source as that from which their original damage occurred. Consequently, either Respondent has violated the 1949 injunction, or the circumstances which existed at the time that the injunction was issued have changed."

■ Defendant's further defense, that the plaintiffs, having secured injunctive relief in the prior proceeding, they are now estopped from bringing the present action in law, is likewise without merit. As we held in *Yates* v. *Kuhl, supra*, the injunctive procedure was merely an additional remedy available to plaintiffs. The granting of such relief in the original proceeding did not preclude plaintiffs from pursuing their present action for damages. Had they done so the court would have had no authority in a contempt proceeding to award compensatory damages resulting from the violation of the injunction. (*H. J. Heinz Co.* v. *Superior Court, supra*.)

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 9, 1958.