Ronald Robert STALEY and Linda J. Staley, Plaintiffs–Appellees,

v.

Leonard SAGEL, d/b/a Sagel Farms, Defendant–Appellant.

No. 91CA0618.

Colorado Court of Appeals, Div. IV.

Oct. 8, 1992.

380

Anderson and Chapin, Robert B. Chapin, Brush, for plaintiffs-appellees.

Michael J. Schingle, Fort Morgan, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Leonard Sagel, appeals a judgment entered in favor of plaintiffs, Linda J. and Ronald Robert Staley, enjoining defendant from continuing to use his property as a hog farm in such a way as to create a nuisance and awarding damages to plaintiffs as a result of the past use of defendant's property. We affirm in part,

reverse in part, and remand for further proceedings.

Plaintiffs sued defendant, alleging that defendant's hog facility constituted a private nuisance and requesting both monetary damages and an injunction to close the operation. The trial court, without objection by plaintiffs, granted defendant's motion to bifurcate plaintiffs' legal and equitable claims and submitted the legal claims to a jury before it considered plaintiffs' equitable claim. No party has raised any issue on this appeal respecting the propriety of this procedure.

Following trial of plaintiffs' claim for damages, a jury returned verdicts awarding plaintiffs $40,000. Of this amount, $20,000 was to compensate them for the reduction in the value of their property, $10,000 was for the past impairment of the quality of their lives, and $10,000 was for future impairment of the quality of their lives.

After a later trial on plaintiffs' equitable claim, the trial court entered a limited injunction requiring defendant to implement changes in his hog operation designed to ameliorate the effects of the dust, smell, and disposal of wastes and dead animals of which the plaintiffs had complained. The trial court also vacated that part of the jury's damage award for future impairment to plaintiffs' quality of life, based on its conclusion that the award of this injunctive relief would prevent such future impairment from occurring. It permitted the remaining portion of the damage award, representing compensation for past impairment of the quality of life and diminution in the market value of their property, to stand.

## I.

Defendant first argues that the court erred in refusing to submit his proposed jury instructions and special verdict forms to the jury. We disagree.

■ In the absence of a specific statutory requirement, the decision whether to submit a special interrogatory to the jury rests within the sound discretion of the court. *See* C.R.C.P. 49(a); *Lambrecht v. Archibald*, 119 Colo. 356, 203 P.2d 897 (1949). And, if the trial court rejects a party's proposed jury instructions, no error occurs so long as the jury instructions submitted by the trial court sufficiently and properly cover the subjects contained in the proposed instructions. *Felder v. Union Pacific R.R. Co.*, 660 P.2d 911 (Colo.App. 1982).

In *Northwest Water Corp. v. Pennetta*, 29 Colo.App. 1, 479 P.2d 398 (1970), we held that, to find a private nuisance, a jury must determine:

Whether the various factors of interference asserted by the plaintiffs as to their use and enjoyment of their home were a substantial invasion of their interests as measured by the standard of their effect upon a normal person in the same or similar circumstances.

■ Defendant's proposed jury instructions and special verdict forms would have divided these elements into two separate questions. This would have required the jury to find, first, that the facility unreasonably interfered with plaintiffs' "use and enjoyment of their land," and then, that this "interference was so substantial in nature that it would offend or cause inconvenience or annoyance to a reasonable person in the community."

However, the court's carrying instruction specifically stated that, in order to determine that plaintiffs had proven their claim of private nuisance, the jury was required to determine that the hog facility's operation unreasonably and substantially interfered with plaintiffs' use and enjoyment of their property. The court also instructed that interference is unreasonable and substantial only if the activity is disturbing to a person of ordinary temperament and sensibility. In conjunction with these instructions, the court submitted a special verdict form requiring the jury to determine whether plaintiffs had proven their claim of private nuisance and, if so, whether this nuisance had caused plaintiffs' damages.

These substantive instructions were, cumulatively, a reasonable statement of the prevailing law, and the special verdict form

required the jurors to focus upon the relevant factual issues. *See Allison v. Smith*, 695 P.2d 791 (Colo.App.1984). Hence, because the trial court's jury instructions and verdict forms sufficiently and comprehensively covered the same subjects, it did not err in rejecting defendant's proposed instructions and special verdict forms.

## II.

Defendant next contends that the trial court should have set aside the jury's award based upon a diminution in the market value of their property because the injunction awarded by the court was designed to prevent such injury to their property. We agree.

A landowner is generally not entitled both to a permanent injunction terminating a nuisance and to an award of damages for the nuisance's injury to the market value of the landowner's property. *Spaulding v. Cameron*, 38 Cal.2d 265, 239 P.2d 625 (1952).

Rather, if the nuisance is abated by injunctive decree and there is no permanent damage to the property resulting from the nuisance while it existed, the proper measure of damages for any prior adverse affects upon the land's value is the loss of the property's rental value for the period during which the nuisance continued. *Fenton v. Quaboag Country Club, Inc.*, 353 Mass. 534, 233 N.E.2d 216 (1968); *Rhodes v. San Mateo Investment Co.*, 130 Cal. App.2d 116, 278 P.2d 447 (1955). *See Miller v. Carnation Co.*, 39 Colo.App. 1, 564 P.2d 127 (1977).

Plaintiffs admit that the limited injunction effectively restores their quality of life, but they argue that they are entitled to damages because the very existence of the neighboring hog facility decreases the value of their property. However, plaintiffs are entitled to damages only for those activities which constitute a nuisance; they are not entitled to recover for any claimed diminution in their property's value caused by any of defendant's actions that do not constitute a nuisance or other actionable wrong.

Here, the trial court found that, once defendant complied with the injunction, the facility would no longer constitute a nuisance. Hence, plaintiffs cannot recover both the $20,000 in damages based upon their property's permanent loss of value, as well as injunctive relief designed to prevent any such loss. The judgment for such loss must, therefore, be reversed.

By failing to present evidence upon the proper measure of damages, a plaintiff may risk a reversal on appeal without the possibility of a new trial. *See Hoover v. Shott*, 68 Colo. 385, 189 P. 848 (1920). Here, however, the proper measure of damages could not have been ascertained until the trial court had decided whether injunctive relief should be granted. And, it was at defendant's request that such determination was not made until after the jury had returned its award of damages.

Under these circumstances, we conclude that equity requires that the cause be remanded for a new trial on the issue of plaintiffs' economic loss suffered during the existence of the nuisance. *See Board of County Commissioners v. Slovek*, 723 P.2d 1309 (Colo.1986); *Zwick v. Simpson*, 193 Colo. 36, 572 P.2d 133 (1977).

Accordingly, the judgment awarding plaintiffs $10,000 for past impairment of the quality of life and enjoining defendant to operate his hog facility only under certain conditions is affirmed. The judgment awarding $20,000 damages for plaintiffs' economic loss is reversed, and the cause is remanded for a new trial in accordance with the views expressed in this opinion.

JONES and DAVIDSON, JJ., concur.